## In re STURGEON.

(Circuit Court of Appeals, Second Circuit. May 5, 1905.)

### No. 212.

1. BANKRUPTCY—EVIDENCE—EXAMINATION OF WITNESSES BEFORE REFEREE IN ANOTHER DISTRICT.

Where an order is made pursuant to Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], which authorizes a court of bankruptcy to require any person to appear for examination "in court or before a referee or the judge of any state court," requiring a person to appear for examination before a designated referee in another district, such referee conducts the examination in the capacity and with the powers of a referee, and not merely as an examiner with the powers of such under the general equity rules.

2. SAME—POWERS OF REFEREES—RULING UPON EVIDENCE.

Under general orders in bankruptcy No. 22 (18 Sup. Ct. vii) it is the duty of a referee to receive all evidence which is offered, to note objections, and to record the evidence, following the equity practice. If immaterial or irrelevant matter is introduced, the remedy of the other party is by applying to the court, which has power, under the rule, to deal with the same in the matter of costs.

Petition to Review Order of the District Court of the United States for the Southern District of New York.

In Bankruptcy. On petition for review.

The estate of William A. Sturgeon, bankrupt, was in process of administration before a referee in bankruptcy in Detroit, Mich. Charles F. Hammond, a creditor of the bankrupt, had caused an examination of the bankrupt to be made looking to the discovery of sequestered assets. E. H. was a material and competent witness, under the laws of the state of Michigan, on behalf of the creditor, for the purposes of examination above referred to. Said E. H. resided in the city of New York, more than 100 miles from the city of Detroit. A petition was filed by the creditor with the referee in Detroit, Mich., asking that an order be made by said referee for the examination of E. H. before Stanley W. Dexter, Esq., a referee in bankruptcy, for the Southern District of New York. An order was thereafter made by the referee in Detroit directing said witness E. H. to appear on a day certain before Mr. Dexter for examination. A subpœna signed by Referee Dexter was served upon the witness E. H., who appeared in conformity with the subpœna, and submitted to the examination. At the outset of the examination there were asked the witness certain questions, to whose competency the counsel for the bankrupt objected, and requested Mr. Dexter to exclude the questions. Mr. Dexter refused so to do, and rendered the following decision September 19, 1904:

"Stanley W. Dexter, Special Commissioner. The commissioner states that under the practice, as he understands it, it is his duty to receive the answer of the witness, and to take all the questions and answers, and note the objections thereto and his rulings thereon, and report the matter to the court. The commissioner understands that this is referred to him in the nature of a special examiner only, and that he is not called upon to review the evidence, or make any report or decision thereon, and that he is bound by the practice prevailing in the taking of testimony in equity in United States courts. The Matter of Samuel Wilde's Sons, decided by Judge Holt in the Eleventh Bankruptcy, at page 714, 131 Fed. at page 142, is not inconsistent with this decision. Therefore I direct the witness to answer."

The witness thereafter refused to answer the questions, and a motion was made before the District Court for the Southern District of New York to compel the witness to answer the questions, and for instructions concerning the powers of Mr. Dexter in the proceeding.

On the argument of the motion the bankrupt's counsel contended: (1) That the witness had not been properly served, in that the subpœna was issued by Mr. Dexter, and not by the clerk of the court. (2) That the referee in Detroit had no jurisdiction to make an order directing the witness E. H. to appear before Stanley W. Dexter, a referee in the Southern District of New York. (3) That Mr. Dexter, in the present matter, was sitting as referee. (4) That, as referee, Mr. Dexter had the power to rule on evidence, that is, exclude any evidence deemed incompetent by him.

By an order filed November 19, 1904, Judge Holt overruled the objection of the bankrupt's counsel that the referee in Detroit had no jurisdiction to issue the order directing the witness to appear before Mr. Dexter, but held that Mr. Dexter was sitting as referee, and as referee had the right to rule out evidence. A petition for the review of the order and decision of Judge Holt was filed by the creditor Charles F. Hammond on November 29, 1904.

Fletcher, Sillcocks & Leahy (Henry Fletcher and Anderson & Rackham, of counsel), for creditor.

George Carlton Comstock, for bankrupt.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. Under General Order No. 22 (18 Sup. Ct. vii) the duty of the referee is to receive the evidence which is offered, to note objections, and to record the evidence; and, if either party persists in offering incompetent or irrelevant matter in evidence, the other party has a remedy, because the rule provides that "the court shall have power to deal with the costs of incompetent, immaterial, or irrelevant depositions, or parts of them, as may be just." The equity practice is to be followed by referees. The order directs him to proceed as referee. The referee must take all the evidence and note objections.

The order is affirmed under General Order No. 22, but without costs.