### In re ISAACSON.

(District Court, E. D. New York. November 9, 1909.)

1. BANKRUPTCY (§ 414*)—DISCHARGE—OBJECTIONS—EVIDENCE.

On objections to a bankrupt's discharge, evidence of concealment of assets claimed by the bankrupt to be exempt, though irrelevant as evidence in proof of specifications, might be competent on the question of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

knowledge to show methods of concealment by the bankrupt with a view to bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 721; Dec. Dig. § 414.*]

2. BANKRUPTCY (§ 415*)—HEARINGS BEFORE SPECIAL MASTER—EVIDENCE.

Under General Bankruptcy Order No. 22 (89 Fed. x, 32 C. C. A. x), declaring that witnesses in bankruptcy shall be subject to examination and cross-examination in accordance with the method adopted in courts of law, except that the referee shall note on the depositions any question objected to, with his decision thereon, it is the duty of a referee taking the examination of a witness in support of objections to a bankrupt's discharge to preserve the testimony objected to, taking the answer subject to the objection, and either report the same, or, in case of necessity, certify the ruling at once for decision of the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 719; Dec. Dig. § 415.*]

In the matter of Samuel D. Isaacson, bankrupt. On report of referee. Referee's decision reversed.

See, also, 161 Fed. 777, 779.

Hyman & Campbell, for objecting creditors
Oscar A. Lewis, for bankrupt.

CHATFIELD, District Judge. In the course of hearings upon an application for discharge, the objecting creditors have offered, before the special commissioner to whom the issues were referred, certain testimony which they allege tends to show concealment of certain assets claimed by the bankrupt to be exempt property under the bankruptcy statute. The special commissioner has ruled against the admission of this testimony, on the ground that it is not relevant, and not comprised within the specifications filed. The special commissioner, who happens to be the referee in bankruptcy, has certified the particular question of his ruling upon this testimony, and also his refusal to take down the answer in order to preserve the testimony until a hearing can be had upon his report.

It may be unnecessary to determine the latter question, for the testimony offered would seem to be competent and relevant, for what it may be worth, in showing any methods of concealment of property on the part of the bankrupt, with a view toward proceedings in bankruptcy; and the referee will be directed, therefore, to receive the testimony on the question of knowledge and intent. Upon the general question, however, of the powers of a special commissioner or special master in bankruptcy to exclude testimony without spreading the same upon the record, it would seem necessary to reach the same conclusion. The recent case of First Nat. Bank of Philadelphia v. Abbott, 165 Fed. 852, 91 C. C. A. 538, decided by the Circuit Court of Appeals in the Eighth Circuit, holds in plain terms that all testimony is to be taken down upon an examination before a special commissioner in bankruptcy, as by an examiner in equity. This holding is based upon the provisions of the bankruptcy statute, indicating that a proceeding in bankruptcy is a proceeding in equity, and upon General Order No. 22 (89 Fed. x, 32 C. C. A. x) which is held by the Circuit Court

of Appeals to follow the methods of rule 67 in equity, as adopted by the Supreme Court of the United States. 18 Sup. Ct. vii. General Order in Bankruptcy No. 22 prescribes that:

"The witnesses shall be subject to examination and cross-examination, which shall be had in conformity with the mode now adopted in courts of law."

But it provides that:

"The referee.shall note upon the deposition any question objected to, with his decision thereon."

It will be found that the cases cited, such as In re Sturgeon, 139 Fed. 608, 71 C. C. A. 592, and even that of First Nat. Bank of Philadelphia v. Abbott, above cited, Bank of Ravenswood v. Johnson, 143 Fed. 463, 74 C. C. A. 597, Dressel v. North State Lumber Co. (D. C.) 119 Fed. 531, In re De Gottardi (D. C.) 114 Fed. 328, and In re Romine (D. C.) 138 Fed. 837, following the cases of Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, and Nelson v. United States, 201 U. S. 92, 26 Sup. Ct. 358, 50 L. Ed. 673, all hold that (whether the function of the special commissioner in bankruptcy be to hear and report the testimony or to hear the witnesses and report opinions or findings) the testimony ruled upon is to be embodied in the record, even if the ruling be against the receipt of the testimony.

It would seem to be perfectly practicable, and safely within the discretion of any particular commissioner, to allow him to certify to the court immediately any question, where the recording of the answer would be attended with more delay and expense than a prompt certification of the question. But in view of the idea of the Circuit Court of Appeals, above referred to, that the District Court, following procedure in equity, should transmit all testimony, whether received and considered or not, to the Circuit Court of Appeals in the case of an appeal, it would seem to be better practice, as a general rule, to hold that the referee should take down the objection, and also the answer, where a matter is not of such importance that an immediate ruling may be required, and thus all considerations of expediency, as well as of inflicting costs, if testimony is wantonly offered, can be properly disposed of, while at the same time, by means of a certificate, the ruling of the District Court could still be had, if the referee felt that it was absolutely necessary in the conduct of the reference to have a ruling of the court thereupon.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes