UNITED STATES v. LIBERMAN.

(Circuit Court, E. D. New York. January 20, 1910.)

PERJURY (§ 6*) — PROCEEDING IN WHICH OATH WAS ADMINISTERED — SPECIAL COMMISSIONER APPOINTED IN BANKRUPTCY PROCEEDING.

Under Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3430), which authorizes a court of bankruptcy by order to require any designated person to be examined in court, it may, as a court of equity, appoint a special commissioner to conduct such examination, and, where such an appointment was made prior to adjudication to examine a designated witness respecting transfers of property by the bankrupt, his powers were not suspended by an order referring the case generally to a referee after adjudication, and an indictment for perjury against the witness may be predicated of false testimony given by him before such special commissioner.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 7–17; Dec. Dig. § 6.*]

Criminal prosecution by the United States against Peter Liberman. On motion to quash indictment. Overruled.

William J. Youngs, U. S. Atty. (William P. Allen, Asst. U. S. Atty., of counsel).

Abram J. Rose, for defendant.

CHATFIELD, District Judge. The defendant has been indicted by the grand jury of this district for perjury alleged to have been committed by the giving of false testimony with respect to material matters when under authorized examination, upon the 26th day of June, 1908, before Richard P. Morle, Esq., as special commissioner, in a bankruptcy proceeding brought against one Samuel Greenberg, in the District Court for this district, by the filing of an involuntary petition upon the 5th day of May, 1908. A receiver was appointed upon the 19th day of May, and the special commissioner designated upon the 20th day of May, by order.

The indictment also alleges that the special commissioner was authorized at the time to administer an oath, that the oath was admin-

istered, and that the examination then being conducted on the 26th day of May before the said commissioner was one in effect authorized by law at the time.

The language of the indictment did not admit of the filing of a demurrer, so upon being arraigned the defendant has made a motion to quash upon the proceedings in the bankruptcy case, as set forth by the indictment, and upon matters of record in the District Court, of which this court can take judicial notice.

The question involved has been argued upon the merits, and the United States has not attempted to oppose the hearing of this motion in anticipation of the trial, inasmuch as no dispute of facts can be made, and as these facts are shown by the records available to the court without taking testimony.

An adjudication in the Matter of Greenberg was had upon the 21st day of May, 1908, and on that day a general order of reference of the proceedings subsequent to adjudication was made to a duly appointed referee in bankruptcy in this district. This order of reference was delivered to the referee by the 23d day of May, and the first meeting of creditors and the examination of the bankrupt was set down, there being some delay over the filing of schedules, for the 5th day of August, 1908. The order entered upon the 20th day of May, appointing a special commissioner and directing the examination of Liberman, was made under the provisions of section 21a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]), which is as follows:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt and his wife, to appear in court or before a referee or the judge of any state court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act."

Liberman was designated in this order as one of the petitioning creditors, who was alleged in the affidavit upon which the order was obtained to have been a party to the transfer and disposition by the bankrupt of his property immediately preceding the filing of their petition. It also appears in this affidavit that up to that time no receiver had been appointed and no one was in charge or protecting the property of the bankrupt, and it seemed to be necessary to take some action to protect the estate prior to the first meeting of the creditors, which could not be held for some time, and which in fact could not be noticed until after schedules or a list of creditors had been filed. In this particular case the list of creditors was finally filed by intervening creditors, and no schedules by the bankrupt were ever presented.

It has been sufficiently well settled that, under the powers of a court of bankruptcy as a court of equity, testimony of witnesses can be taken before an officer of the court, usually called in this circuit a "special commissioner," to distinguish him from a special master in the ordinary equity case, and the rules for the taking of testimony in equity (No. 67, etc.) are applicable thereto. In re Isaacson (decided in this district on November 9, 1909, and cases there cited) 175 Fed. 292.

This equity practice is especially authorized by General Order No. 22 (89 Fed. x, 32 C. C. A. xxv), adopted by the Supreme Court of the United States with reference to bankruptcy proceedings, and there would seem to be no doubt that under the provisions of section 21a, if any designated person, including the bankrupt, who is a competent witness under the laws of the state, is ordered to appear in court for examination, his examination may be taken by a special commissioner for the court, and that the special commissioner shall have the power to administer an oath. It is also evident that by the provisions of section 21a "a court of bankruptcy" may at any time order such examination with respect to the "acts, conduct, or property of a bankrupt whose estate is in process of administration."

By section 1(7) of the bankruptcy statute, the word "court" is defined as meaning "the court of bankruptcy in which the proceedings are pending, and may include the referee," while section 1(8) of the bankruptcy act provides that "courts of bankruptcy" shall include the District Courts of the United States, etc. Referees have jurisdiction, by section 38(4), to "perform such part of the duties, * * * as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided."

The Supreme Court of the United States has provided a form for referring a bankruptcy matter to a referee after adjudication, under the provisions of section 22 of the bankruptcy act, and by General Order No. 12 (89 Fed. vii, 32 C. C. A. xvi) has directed that:

"A copy of the order shall forthwith be sent by mail to the referee or be delivered to him personally by the clerk or other officer of the court, and thereafter all the proceedings, except such as are required by the act or by these general orders to be had before the judge, shall be had before the referee."

Inasmuch as section 38 of the act makes the orders of the "courts of bankruptcy," as well as the rules of this court, conclusive upon the referee, and inasmuch as section 38(4) excepts the other provisions of the bankruptcy statute, it does not seem that in a district where application to the court is required, under the provisions of section 21a, for the examination of parties other than the bankrupt himself at the first meeting of creditors, or where application to the court is required for orders relating to the disposition of the property of the bankrupt, there could be any question that the general order of reference to the referee did not oust the court of bankruptcy, as distinguished from the court (the latter being for the ordinary purposes of the estate the referee) of jurisdiction to have at any time a witness examined before it; that is, the testimony of the witnesses taken before a special commissioner, as the representative of the court of bankruptcy, in distinction from the matters before the referee at the first meeting and subsequent thereto.

The very purpose of an examination under section 21a is to discover property of the bankrupt, or to learn as to its whereabouts and as to the acts of the bankrupt with respect thereto; and if the bankrupt could delay such investigation, either by interposing an answer and thus preventing adjudication, or by delaying the filing of schedules

and the calling of a first meeting, the property in many cases, at least in those in which fraud might be present, would be lost and beyond the reach of process or even discovery, and in such cases the services of a receiver would be substantially useless, for no knowledge would ordinarily be obtained until time for the election of a trustee, when what knowledge might be acquired would undoubtedly be too late to be of any service.

The reason for allowing examination under section 21a prior to adjudication is therefore the same as the reason for allowing an examination subsequent to adjudication and prior to the first meeting of creditors, and there seems to be no reason to hold that the court has lost all jurisdiction merely by the reference of the case for the general purposes of administration to the referee.

It must be held, therefore, that in the present case the order of May 21st was within the jurisdiction of the court, and that the examination of Liberman thereunder was not only authorized by statute, but necessary and advisable from the standpoint of the case itself.

. The defendant's attorney has cited two cases in support of his position, of which some discussion is necessary. The first case cited, viz., Matter of Abbey Press, 134 Fed. 51, 67 C. C. A. 161, decided merely that a referee could order an examination of a creditor if the referee acted as the court in so doing. The court there said:

"No question is made but that this case has been referred generally to the referee as provided in section 22 of the act. The referee, therefore, constituted a court with all the powers of the court for the purposes of this examination. The contention that the proceeding was not pending at the time when the order was made is not well founded. Section 38a of the act invests the referees with jurisdiction to consider all petitions referred to them and to make the adjudication, etc. And thereafter, under General Order No. 12, all the proceedings, except those enumerated above, are to be had before the referee."

This does not control the present case as to an examination ordered by the District Court before reference nor (under the rules and practice of this district) at any time during the proceedings.

In the Matter of Ruos (D. C.) 164 Fed. 749, in the Eastern district of Pennsylvania, a great part of the opinion is devoted to the discussion of using testimony taken in a bankruptcy case, before a special referee appointed before adjudication under clause 9 of section 7 of the statute, which requires the bankrupt, at the first meeting of creditors and at such other times as the court may order, to submit to an examination; and it appears from the statement of facts in the case that this particular examination before the special referee was continued long after the general order of reference and the first meeting of creditors.

Such a proceeding could not be approved, but the court held only that it should not use such testimony as if taken upon a formal motion to compel the turning over of property. The case does not determine when perjury could or could not be committed.

In this district, as in every other, it would seem that the reference of the matter to the referee for a first meeting, at which the bankrupt is required by law to appear and submit to examination, should neces-

sarily prevent the holding of another examination of the same sort throughout a similar period, at a double expense to the bankrupt estate. But it is another thing to say that, if the bankrupt were ordered to appear for such examination (at least prior to the day when he was subjected to a double examination by the coming on of the first meeting of creditors), he could plead that the court of bankruptcy had no jurisdiction to order his examination for a special purpose, under section 21a of the statute. And much more would it seem that if the bankrupt or a creditor appeared prior to the first meeting of creditors and at an examination before a special referee, special commissioner, or special master, consented to be sworn and did not refuse to testify, that he could then object to the authority of the court in requiring his examination, because he had testified falsely on such examination. But still less is there any reason for third parties to claim that the appointment of the referee and provision for the examination of the bankrupt at the first meeting of creditors is a ground for their claiming that the false testimony is not perjury, upon the theory that the court of bankruptcy did not have jurisdiction to order their testimony before itself—that is, its officer—under the equity rules.

The indictment will be sustained, and the motion to quash denied.