### ABBOTT v. WAUCHULA MFG. & TIMBER CO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 14, 1916.)

No. 2755.

1. BANKRUPTCY ⬅100—ADJUDICATION—VACATING AND SETTING ASIDE—CONDITIONS.

Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 551 (Comp. St. 1913, § 9605), provides that a court of bankruptcy may require any designated person to appear for examination as to the conduct or property of a bankrupt. Section 3d provides that, whenever the alleged bankrupt denies the allegation of insolvency, he shall appear with his books, papers, and accounts and submit to an examination, and that on his failure to do so the burden of proving solvency shall rest upon him. Section 7 provides that the bankrupt shall not be required to attend a meeting of his creditors or for an examination at a place more than 150 miles from his home or principal place of business, and that he shall be paid his actual expenses when examined or required to attend at any place other than his place of residence. Section 59f provides that creditors other than the original petitioners may join in the petition or file an answer in opposition to the prayer of the petition. Within four months before proceedings against a

corporation land owned by it was sold on execution to O., a judgment creditor, and resold by him to W., a resident of Chicago. The corporation at first denied its insolvency, but subsequently withdrew its denial, and was adjudged a bankrupt. Thereafter A. petitioned to have the adjudication set aside and for leave to file an answer denying the corporation's insolvency. The corporation and the petitioning creditors gave notice to A. that they would refuse to enter into a hearing upon such motion, unless he presented himself in court with all correspondence as to such land, and the court ordered that no action be taken until A. presented himself to be questioned concerning the transfer of such land. *Held* that, as it did not appear that A.'s personal presence was necessary and as it had not been determined that there was to be any trial of the issue sought to be revived, the burdensome condition imposed on A. was prematurely imposed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. ☞100.]

2. BANKRUPTCY ☞100—INVOLUNTARY PROCEEDINGS—REQUIRING PERSONS TO APPEAR FOR EXAMINATION.

It would be a perversion of the purpose of Bankr. Act, § 21a, relative to requiring persons to appear for examination concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration, to exercise the power conferred to obtain evidence for use on the trial of the issue of solvency or insolvency of an alleged bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. ☞100.]

3. BANKRUPTCY ☞100—INVOLUNTARY PROCEEDINGS—PERMITTING PARTIES TO INTERVENE AND DEFEND—DISCRETION.

Where one having an interest in preventing or vacating an adjudication in bankruptcy, which would annul his purchase of land of the alleged bankrupt sold under execution, seeks leave to appear and plead to the petition because of the alleged unwarranted substitution by the bankrupt of an admission of the allegation of insolvency in place of its previous denial of such allegation, the application calls for the exercise by the court of a sound discretion in determining whether the leave sought should be granted or refused.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. ☞100.]

4. BANKRUPTCY ☞100—INVOLUNTARY PROCEEDINGS—PERMITTING PARTIES TO INTERVENE AND DEFEND—CONDITIONS.

Where an alleged bankrupt originally and at a proper time denied its insolvency, but subsequently abandoned its defense and admitted its insolvency, and one having the status of a creditor sought leave to assume the burden of this defense, there should not have been imposed upon him conditions substantially more onerous than could have been imposed upon the debtor under Bankr. Act, §§ 3d, 7, under which a failure to attend and submit to examination would merely cast the burden of proving solvency upon the debtor, and he could not be required to attend for examination at a place more than 100 miles from his home or principal place of business, and would be entitled to actual expenses.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. ☞100.]

Petition to Superintend and Revise Order of the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Proceeding to have the Wauchula Manufacturing & Timber Company adjudged a bankrupt. On application by William T. Abbott for leave to file an answer and defend the proceeding, the court ordered

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that no action be taken until certain conditions were complied with, and the petitioner files a petition to superintend and revise. Order reversed.

Howard P. Macfarlane, of Tampa, Fla., for petitioner.

H. S. Phillips and J. W. Frazier, both of Tampa, Fla., for respondent.

Before PARDEE and WALKER, Circuit Judges, and SPEER, District Judge.

WALKER, Circuit Judge. [1] At a sheriff's sale under an execution on a judgment recovered against the Wauchula Manufacturing & Timber Company on a debt owing by it for goods sold and delivered, Arthur F. Odlin, who had bought that judgment, paying therefor the amount due thereon, purchased land belonging to the defendant in the judgment, and subsequently conveyed that land to William T. Abbott. Within four months after the attaching of the lien of the execution mentioned involuntary proceedings in bankruptcy were instituted against the defendant in the judgment. On the 13th of November, 1914, the alleged bankrupt, by its duly authorized attorneys, filed in the bankruptcy proceeding a denial of insolvency and of the acts of bankruptcy alleged in the petition. On the 18th of January, 1915, the alleged bankrupt, by leave of the court, withdrew its denial of insolvency and of the acts of bankruptcy alleged in the petition, filed an admission of insolvency, and was then and there adjudged bankrupt. On January 21, 1915, said Abbott filed in the court a petition which set out the above-stated facts, averred that "he is interested in the proceedings in bankruptcy pending against said corporation," and that it was not insolvent on the date of the filing of the involuntary petition in bankruptcy, but was then possessed of specified assets more than sufficient to pay all valid debts existing against it, and prayed that the adjudication of bankruptcy be set aside and vacated, and that petitioner have leave to file an answer to the petition in bankruptcy, denying the insolvency of said corporation and each and every act of bankruptcy alleged. Prior to a hearing by the court on this petition of Abbott, his attorney received a written notice of the import stated in the following order, which was made by the court when the petition came on to be heard on February 26, 1915:

"This cause coming on this day to be further heard upon the motion of William T. Abbott to set aside and vacate the order adjudicating said Wauchula Manufacturing & Timber Company, a corporation, bankrupt, and for leave to defend said cause and to file an answer denying the insolvency of said respondent corporation, and each and every act of bankruptcy in the amended involuntary petition in bankruptcy alleged and set forth, and upon the notice of the said respondent corporation and the petitioning creditors to the said Abbott that they would refuse to enter into a hearing upon said motion unless the said William T. Abbott should present himself in court having with him all correspondence and telegrams that had passed between him and Arthur F. Odlin, of the county of De Soto, state of Florida, in reference to the transfer of certain lands mentioned in said motion from the said Odlin to the said Abbott; and thereupon Howard P. Macfarlane, attorney for William T. Abbott, did represent unto the court that the said William T. Abbott was a resident of Chicago, Ill., that he was not present in court, and

that he could not so present himself without suffering great inconvenience, but that he was ready and willing to answer any and all proper questions that might be put to him by interrogatories, that the said Arthur F. Odlin was there present in court, ready and willing to answer any and all questions held proper by said court with reference to said transfer by the said Odlin to the said Abbott, stating to the court that the said Odlin was in a position to be and was in fact better informed concerning the subject-matter of said motion and the transactions leading up to said transfer than the said William T. Abbott, and thereupon tendered the said Odlin for examination. Whereupon it is ordered, adjudged, and decreed that no action be taken in the matter of said motion, and that said motion be not entertained, until the said William T. Abbott shall present himself before this court to be questioned concerning the facts and circumstances leading up to the said transfer of said real estate."

The action of the court evidenced by the order just quoted is presented for review by Abbott's petition to superintend and revise.

It is apparent that Abbott had a substantial interest in securing the action by the court which his petition prayed for, in that an effect of the bankruptcy adjudication remaining in force would be a destruction of his title to land based upon a sale under an execution issued within four months prior to the filing of the petition in bankruptcy. He had an interest in the adjudication, whether it stood or fell. If it stood, his status was that of a creditor, as in that event he was the legal or equitable owner of the whole or a part of the demand represented by the judgment sought to be enforced by the vacated execution sale. If it fell, his title to land was restored to life. In re McMurtrey & Smith (D. C.) 142 Fed. 853; In re Jacobson (D. C.) 181 Fed. 870. It is to be observed that the above-quoted order neither granted nor denied the leave sought to resist the bankruptcy petition. It simply postponed any action on the application until the applicant "shall present himself before this court to be questioned concerning the facts and circumstances leading up to the said transfer of said real estate."

[2] 'The terms of the demand, to which the court by its order acceded, for the personal attendance of the applicant, and the circumstances of the making of that demand by the attorneys for the bankrupt and petitioning creditors, negative the conclusion that the court's order is to be regarded as a proper exercise of the power conferred by the provision of section 21a of the Bankruptcy Act that:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt and his wife, to appear in court * * * to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act."

It was not suggested that an examination of Abbott was desired for the purpose intended to be accomplished by that provision, viz. the recovery of assets of the estate for distribution. It was made plain that the demand for Abbott's attendance was conditioned upon the court's granting him a hearing on his application to be permitted to put in issue the allegation of insolvency, which had been denied by the debtor and subsequently was admitted by it, and that no testimony from him was sought, except in the event of a hearing on that application and with reference to the issue of solvency or insolvency

which the applicant was seeking leave to revive. It would be a perversion of the purpose of section 21a to exercise the power it confers to obtain evidence for use on the trial of the issue of solvency or insolvency. Section 3b contains the provision applicable to the examination of the alleged bankrupt with reference to that issue. Rawlins v. Hall-Epps Clothing Co., 217 Fed. 884, 133 C. C. A. 594; Cameron v. United States, 231 U. S. 710, 34 Sup. Ct. 244, 58 L. Ed. 448. By the terms of the last-mentioned provision the only effect given to the alleged bankrupt's failure to attend and submit to the examination provided for is that "the burden of proving his solvency shall rest upon him."

[3] When one having an interest in preventing or vacating an adjudication of bankruptcy on an involuntary petition seeks leave to appear and plead to the petition, and discloses as the occasion of his proposed participation in the proceedings an alleged unwarranted substitution by the debtor of an admission of the petition's allegation of insolvency in the place of his previously made denial of that allegation, the first question to be determined is whether the proposed defense was duly presented prior to the adjudication so made. The substance of what was sought by Abbott's application was leave to him to assume the burden of the defense which was shown to have been seasonably presented by the debtor and afterwards unwarrantably withdrawn by it. The application called for the exercise by the court of a sound discretion in determining, in the first place, whether the leave sought should be granted or refused. In re Simonson (D. C.) 92 Fed. 904; Altonwood Park Co. v. Gwynne, 160 Fed. 448, 87 C. C. A. 409. In the exercise of this discretion regard is to be had to the policy which is evidenced by the provision that creditors other than original petitioners may at any time enter their appearance and file an answer and be heard in opposition to the prayer of the petition. Bankr. Act, § 59f. Nothing in the court's order indicates that the opinion was entertained that the application should be denied because it was not made with due promptness after the occasion for making it arose.

[4] In determining what properly may be required of one occupying the status of a creditor who seeks leave to assume the burden of a defense on the issue of solvency or insolvency which was originally and at a proper time made by the debtor, but has been abandoned by him, it seems appropriate to consider the provisions of the Bankruptcy Act which show what may be required of the debtor himself in analogous circumstances, and to avoid imposing upon the proposed substituted defendant conditions substantially more onerous than could have been imposed upon the debtor. If the alleged bankrupt had been a natural person, and had persisted in the denial of the involuntary petition's allegation of insolvency, the penalty for his failure to attend and submit to examination on the trial of the issue so raised would have been the casting upon him of the burden of proving his solvency, and he could not, except for cause shown, have been required to attend for an examination at a place more than 150 miles from his home or principal place of business, and would have been

entitled to his actual expenses from the estate when examined or required to attend at any place other than the city, town, or village of his residence. Bankr. Act, §§ 3d, 7.

The result of the order under review was to require Abbott, as a condition to his obtaining any hearing at all on his application, to incur the inconvenience and expense of a trip from Chicago, his place of residence, to Florida. The order left it altogether uncertain whether the making of that trip would have resulted in the opportunity being afforded of examining the applicant with reference to the question of solvency or insolvency, as there was no determination by the court to permit that issue to be revived. It is apparent that the burden which the order put upon Abbott as a condition of granting him a hearing on his application was decidedly more onerous than any that could have been imposed upon the debtor with reference to a trial of an issue raised by it on the involuntary petition's allegation of insolvency. Abbott was not given the opportunity of assuming the burden of proving the debtor's solvency by failing to attend. Nothing alleged in the demand made that he be required to attend, or otherwise shown by the record, indicates that his personal presence was necessary to enable the court advisedly to determine the preliminary question of allowing or disallowing the sought for revival of the defense which the debtor had abandoned. To say the least, the burdensome condition stated in the order was prematurely imposed; it not having been determined that there was to be a trial of the issue sought to be revived and with reference to which alone it can be supposed that Abbott's testimony was desired.

The conclusion is that the circumstances did not warrant the order presented for review. A reversal of it is ordered.