ABBOTT v. WAUCHULA MFG. & TIMBER CO. et al.

(Circuit Court of Appeals, Fifth Circuit. March 26, 1917.)

No. 3026.

1. BANKRUPTCY ⊕⇒100(2)—ADJUDICATION—PETITION TO VACATE.
    Where a subpœna was issued after the filing of an involuntary petition in bankruptcy, but not served, so there was no return day, and there was an adjudication of bankruptcy by consent after the bankrupt had withdrawn its first answer denying the act of bankruptcy, the adjudication was binding on all parties interested, and a purchaser from the bankrupt cannot as a matter of law have it set aside and be permitted to come in and defend.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 131, 144.]

2. BANKRUPTCY ⊕⇒100(2)—ADJUDICATION—PETITION TO VACATE—SHOWING.
    A purchaser from a bankrupt, who filed a petition addressed to the court's discretion to have the adjudication vacated, should show that the vacation would be of value to him, by showing that the bankrupt was not insolvent, or had not committed the acts of bankruptcy alleged.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 131, 144.]

3. BANKRUPTCY ⊕⇒100(2)—ADJUDICATION—PETITION TO VACATE—EVIDENCE.
    At the hearing on a petition by a purchaser to vacate an adjudication in bankruptcy, the records in the bankrupcy proceeding, showing a confession by the bankrupt of insolvency and of the act of bankruptcy, are admissible against the purchaser, since he is bound by them as much as if he had been a party to those proceedings.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 131, 144.]

4. BANKRUPTCY ⊕⇒100(2)—ADJUDICATION—PETITION TO VACATE—OBJECTIONS.
    The objections filed by a creditor to the petition of a purchaser of a bankrupt property sold under execution to have set aside the adjudication, all of which objections could be considered in deciding the issues made by the petition and the answer of the bankrupt and the trustee, should be stricken.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 131, 144.]

---

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. BANKRUPTCY ☞100(2)—ADJUDICATION—SETTING ASIDE—EFFECT OF FORMER DECISION.

A previous decision that the purchaser of a bankrupt's property sold under execution could not be compelled to submit to personal examination before his petition to vacate an adjudication would be heard does not require the adjudication to be vacated before it is necessary for petitioner to prove that the bankrupt was insolvent and did not commit the act of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 131, 144.]

Petition to Superintend and Revise Proceedings of the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

In the matter of the Wauchula Manufacturing & Timber Company, bankrupt. Petition by William T. Abbott to revise an order of the District Court denying petitioner's motion to set aside the adjudication and to permit him to come in and defend. Petition to revise denied.

The following is the judgment of the court below:

This cause comes on to be heard upon the petition or motion of William T. Abbott to set aside the adjudication of bankruptcy, and to be allowed to come in and defend. The facts may be stated as follows:

In September, 1914, an involuntary petition in bankruptcy was filed by certain creditors against the bankrupt, and a subpœna duly issued, but not served by the marshal, at the request of petitioners' attorneys. An appearance was duly entered by the bankrupt, and within due time an answer was filed, denying the act of bankruptcy charged and insolvency. Subsequently an amendment was made to the petition, setting up other acts of bankruptcy. In January following the board of directors of the bankrupt corporation met and by resolutions withdrew the answer theretofore filed, acknowledged the inability of the corporation to pay its debts, and consented to be adjudicated a bankrupt. Upon this being brought to the attention of the court an adjudication was on the 18th of January, 1915, made. On January 21, 1915, the petitioner filed his motion or petition, wherein he shows that a judgment had been recovered against the bankrupt for $148.19 in August 1914, that this judgment had been purchased by one Odlin, and levy of execution made upon lands of bankrupt, advertisement of sale under said execution made and land bought at said sale by Odlin on November 2d, and deed made to him by the sheriff, and that said lands were subsequently conveyed to the petitioner on November 5th. The petition or motion then sets up the proceedings in bankruptcy, the withdrawal of the answer, and admission of insolvency and the acts of bankruptcy alleged in the amended petition, and adjudication thereon, and prays that the adjudication be vacated, and he be allowed to come in and defend. The petition alleges on information and belief that the corporation had not committed the acts of bankruptcy alleged and was not insolvent.

The trustee in bankruptcy and the bankrupt filed answer to the petition of Abbott, admitting the entry of the judgment, the purchase of same by Odlin, and the proceedings under same, resulting in the deed being made to Abbott, setting up the action of the board of directors, authorizing the withdrawal of the answer, the consent to be adjudged a bankrupt, and acknowledging the inability of the corporation to pay its debts; and averring that the corporation was insolvent and unable to pay its debts, and that it did commit the act of bankruptcy alleged against it, and other matters not necessary to notice. Upon this hearing testimony was taken by the court which, on behalf of the petitioner, showed the entry of the judgment, purchase of same, and proceedings culminating in the deed to Abbott. The files and records in the bankruptcy proceedings were offered by the trustee and others showing the indebtedness of the corporation, its assets, etc.; this last evidence being objected to by peti-

tioner on various grounds noted by the stenographer. On the day, of and just before the hearing the Wauchula Development Company, whose contract with the bankrupt has been recognized in the bankruptcy proceedings, filed certain objections to granting the petition of Abbott, and the petitioner moved to strike said objections on several grounds, among them being that the objector had never been made a party, and because the defenses had been theretofore interposed, and because it was guilty of laches, etc.

[1, 2] The petitioner claims, as I understand it, that, the subpœna not having been served, there was no return day, and therefore he was not required to enter his appearance and make answers within five days, and therefore as a matter of right he could have the adjudication vacated and be allowed to come in and defend. This position I do not think well taken. The case of In re Billing (D. C.) 145 Fed. 395, is a well-reasoned case, and I think states the law correctly on motions or petitions seeking to vacate adjudications in bankruptcy. Proceedings in bankruptcy are in rem, binding all parties interested in the bankrupt's property. It seems to me that if a creditor desires to vacate an adjudication, and his motion is addressed to the sound discretion —that is, the judicial discretion—of the judge, it is incumbent upon him to show that the vacation of the adjudication would result in benefit to him; i. e., that on trial of the issue tendered the result would probably be favorable to his contention.

[3] The petition or motion in the instant case alleges that the bankrupt was not insolvent and had not committed the acts of bankruptcy alleged. The answer of the trustee and the bankrupt took issue on these allegations. Upon the hearing no testimony on these issues was offered, by the petitioner. His testimony was confined to the matters admitted in the answer. The only testimony bearing upon the issues tendered by the petition and the answer were the records in the bankruptcy proceedings, which were objected to by petitioner. The petitioner being as much bound by these proceedings as though he was an actual party, he is bound by the proceedings, and they are proper for the judge to consider in deciding whether the adjudication shall be vacated. I am of opinion, therefore, that the objections of the petitioner to the evidence are not well taken, and each of said objections is overruled.

[4] The petitioner moved to strike the objections filed by Wauchula Development Company, filed on the day the hearing commenced. I think this motion should be granted, not because the objector did not have an interest, but because every objection urged therein would be considered by the court in reaching a decision upon issues made by the petition and the answer of the bankrupt and trustee, and such objections were unnecessary.

Petitioner relies upon In re Wauchula, 229 Fed. 677, —— C. C. A. ——, to sustain his right to have the adjudication vacated. The one and only question involved in that case is: Could the court require the petitioner to present himself for examination? The Circuit Court of Appeals decided that this court could not require the petitioner to come and submit himself to such examination. I do not understand that the court passed upon or attempted to lay down any rules to govern in applications of this kind. Now could that court properly do so upon the record before it?

It is my judgment that the motion or petition should be denied. It will be so ordered.

Howard P. Macfarlane, of Tampa, Fla., for petitioner.

Herbert S. Phillips, W. F. Himes, and Jos. W. Frazier, all of Tampa, Fla., for respondents.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

PER CURIAM. The opinion of Judge Call, found in the record, fully covers the facts and conclusions in the judgment sought to be revised, and we concur with him both as to facts and conclusions.

[5] The contention that the heretofore decision of this court on a former petition to revise (229 Fed. 677, 144 C. C. A. 87) required that

the adjudication of bankruptcy theretofore rendered should be annulled and vacated before petitioner Abbott should be required to produce his evidence as to the insolvency and acts of bankruptcy of the said Wauchula Manufacturing & Timber Company is without merit, as the opinion in the case will fully show.

The petition to revise is denied.