### In re STELL.

(District Court, E. D. Texas, Paris Division. December 29, 1920.)

No. 387.

1. **Bankruptcy ☜236—Court can order examination of alleged bankrupt before adjudication.**

   The bankruptcy court has power, under Bankruptcy Act, § 21a (Comp. St. § 9605), when considered with section 7, subd. 9 (section 9591), and under its general equity powers, to order examination of an alleged bankrupt before the adjudication.

2. **Bankruptcy ☜234—Examination under Bankruptcy Act, § 21a, not ordered for evidence as to insolvency.**

   The examination of an alleged bankrupt, which can be ordered under Bankruptcy Act, § 21a (Comp. St. § 9605), is to show the condition of the estate, and enable the court to discover its extent and whereabouts, and get possession of it, and such examination cannot be employed to obtain evidence for use on the controverted issue of insolvency; examination for such purpose being authorized by section 3d (section 9587).

3. **Bankruptcy ☜236—Examination before adjudication ordered only on showing of unusual condition of estate.**

   To warrant an order under Bankruptcy Act, § 21a (Comp. St. § 9605), for the examination of the bankrupt before adjudication, where no receiver has been appointed, the application must show some unusual situation with reference to the estate, which makes an examination necessary at that time for the purpose of securing or preserving the assets of the estate.

In Bankruptcy. Involuntary petition in bankruptcy against Lawrence E. Stell, alleged bankrupt. On application by petitioning creditors for an order authorizing the examination of the alleged bankrupt as a witness. Petition denied without prejudice.

William H. Atwell, of Dallas, Tex., for petitioning creditors.

Rasbury, Stennis, Adams & Harrell, of Dallas, Tex., for alleged bankrupt.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ESTES, District Judge. An involuntary petition in bankruptcy has been filed by creditors of the alleged bankrupt, and the allegations of insolvency have been denied by him after the manner provided in the statute. The issue of fact thus raised is to be tried, upon demand of the alleged bankrupt, by a jury. The case, during the October term of the Paris court, was continued by consent of both parties.

The petitioning creditors, since the adjournment of court, have filed an application for an order authorizing the examination, as a witness, of the bankrupt. It is obviously based upon section 21a of the Bankruptcy Law (Comp. St. § 9605); but there are no special circumstances alleged, or any reasons set forth, showing a necessity for this examination prior to an adjudication in the usual way. The alleged bankrupt is resisting the application, upon the grounds, first, that the court is, under the conditions, without authority to order such examination; and, second, that if the court has such authority, the request should be refused, because it does not appear that the examination is for the purpose of securing or preserving assets belonging to the estate.

[1] The Case of Cameron, 231 U. S. 710, 34 Sup. Ct. 244, 58 L. Ed. 448, holds, it seems to me, that the court has authority to issue such order. While the facts in that case show that, before the application was made, a receiver had been appointed to take possession of the property, yet the basis of the decision was the fact that the property of the alleged bankrupt had been put in custodia legis by the filing of the petition in bankruptcy, with a view to its ultimate distribution among creditors.

The argument contained in the case of Fleischer (D. C.) 151 Fed. 81, referred to with approval in the Cameron opinion as illustrating the importance of examinations like this, would apply just as aptly to cases where the effort is to have the examination before adjudication, as afterward; and in the case of Rawlins v. Hall Co., 217 Fed. 884, 133 C. C. A. 596, the Circuit Court of Appeals of this circuit, referring to the Cameron Case, said:

"While the decision may not be broad enough to extend to an involuntary bankruptcy, and one in which there is no receivership, the reasoning of the court would indicate that the bankrupt court had authority to make such an order in an involuntary case in which no receiver had been appointed."

Then, too, I think that section 21a of the Bankruptcy Act itself, when considered with subdivision (9) of section 7 (Comp. St. § 9591), necessarily grants the authority in question, and, in addition, that the general equity powers with which bankruptcy courts are invested make it within the province of the court to authorize such procedure. U. S. v. Liberman (C. C.) 176 Fed. 162.

[2] But it is also clear that the purpose in permitting an examination of this sort is .o "show the condition of the estate, to enable the court to discover its extent and whereabouts, and to get into possession of it, in order that the rights of creditors may be preserved." It cannot be employed to obtain evidence for use on the issue of insolvency. "It would be a perversion of the purpose of section 21a to exercise the power it confers to obtain evidence for use on the trial

of the issue of solvency or insolvency." Abbott v. Wauchula Co., 229 Fed. 680, 144 C. C. A. 91. Section 3d of the Bankruptcy Act (Comp. St. § 9587) relates to an examination of the bankrupt for such purposes, and in the Case of Rawlins, supra, the court said: '

"The bankrupt court should not permit the examination provided for by section 21a to be perverted from the purpose it is intended to accomplish, viz. the recovery of assets of the estate for distribution, to that of aiding the petitioning creditors in establishing their case for adjudication. It can only happen in rare instances that an examination under section 21a can be useful before adjudication, and in the absence of a receivership, for the purpose of recovering assets, since in that situation there would be no officer of the bankrupt court authorized to seize the assets, when discovered."

[3] So I think it should appear from the application, or from evidence in support of it, that some extraordinary condition exists with reference to the assets of this estate which makes it necessary for an examination to be made at this time. The alleged bankrupt has the right to have the issue of insolvency tried by a jury, and it would be improper to use the authority of the court to require him to submit to an investigation and analysis of his affairs prior to the determination of that issue, unless an unusual condition is shown. Using the language employed in the Rawlins Case:

"We are not prepared to say that there might not be a case when the utility of such an examination for the purpose intended, even in the absence of a receivership, might not be shown."

But the parties applying for such should allege and show that such an examination is necessary to the rights of the parties interested.

The petition is denied, without prejudice to the right of the petitioning creditors to renew same at any time when it may appear that the protection of their interests requires such proceeding.