## In re BROWARD COUNTY LUMBER CO.

(District Court, S. D. Florida. October 6, 1926.)

No. 3064.

1. Bankruptcy ⬅114(1)—Receivers, before adjudication, are officers of court (Bankruptcy Act, § 21a [Comp. St. § 9605]).

Receivers appointed before adjudication are officers of the court, and the estate in their hands is in process of administration, within the meaning of Bankruptcy Act, § 21a (Comp. St. § 9605).

2. Bankruptcy ⬅236—Receivers before adjudication may require witnesses to appear and testify before referee (Bankruptcy Act, § 21a [Comp. St. § 9605]).

On petition of receivers, witnesses may be required to appear and testify before a referee, before adjudication, concerning the "acts, conduct, or property" of bankrupt, under Bankruptcy Act, § 21a (Comp. St. § 9605).

3. Bankruptcy ⬅235—Order for examination of witnesses not invalid because made ex parte (Bankruptcy Act, § 21a [Comp. St. § 9605]).

While notice should be given bankrupt of a petition to require witnesses to appear for examination before a referee, under Bankruptcy Act, § 21a (Comp. St. § 9605), an order will not be vacated, because made without such notice, where bankrupt has not been prejudiced.

In Bankruptcy. In the matter of the Broward County Lumber Company, alleged bankrupt. On motion of bankrupt to vacate order for examination of witnesses. Denied.

Rogers, Morris & Adams, of Ft. Lauderdale, Fla., for bankrupt.

Miller Walton, of Ft. Lauderdale, Fla., for petitioners.

Herbert U. Feibelman, of Miami, Fla., for petitioning creditors.

CALL, District Judge. On July 26, 1926, an involuntary petition in bankruptcy was filed against the bankrupt. On August 6th, upon petition of the petitioning creditors, two receivers were appointed, with power to continue the business of the bankrupt. On August 18th the bankrupt filed its answer, denying the acts of bankruptcy charged, and denying insolvency, and demanding a jury trial.

On August 25, 1926, the receivers petitioned the court for an order requiring some five persons to appear before the referee and submit to an examination concerning the acts, conduct, and property of the bankrupt. On the same day an order was entered, requiring the persons named in the petition to appear before the referee and submit to examination as to acts, conduct, and property of the bankrupt. On August 30th a supplemental petition was filed by the receivers, asking that certain other persons be required to appear for examination before the referee concerning the acts, conduct, and property of the bankrupt. On the same day an order was entered granting the supplemental petition. On September 15th a second supplemental petition was filed, and an order made thereon fixing September 27th for the persons named therein to appear before the referee for examination as required in the two former orders.

On October 4th the bankrupt filed its motion to vacate and set aside the order heretofore made for the examination of the witnesses before adjudication, because, first, the order was granted on the ex parte application of the receivers; second, the order was made without notice to the bankrupt; third, no extraordinary condition of the assets is shown, nor necessity for or benefit to be derived from such examination, the only purpose being to enable petitioning creditors to show the insolvency of the bankrupt; fourth, the receivers were without power to bring such proceeding. On September 23d the bankrupt filed a response to the petition of the receivers, denying the allegations in the petition for examination. On September 23d an order was entered requiring the receivers to show cause why the response filed, September 23d should not be allowed, and the motion to dismiss the petition contained in said response granted. On the return day of the rule the receivers appeared through their counsel and contested the motions contained in the response and that filed October 4th.

The receivers proceeded under section 21 a of the Bankruptcy Act (Comp. St. § 9605) in making application for the examination of the persons named in the petition and supplemental petitions. This section was amended by the Congress on May 27, 1926 (chapter 406 [section 9605, Supplement Compiled Statutes, August, 1926]), by adding paragraph (h), this being the only change made in the section. Said paragraph has no bearing upon the questions here involved.

[1] It is contended that the receivers have no power or authority to bring such a proceeding before adjudication; that they are mere custodians of the assets. The order of appointment authorized them to conduct the business of the bankrupt, and this I understand the court had power to do; but it seems to me that this has no particular bearing upon the decision of the question here involved. The decision hinges upon the questions: Were the assets of the bankrupt in course

of administration, and were the receivers officers of the court? These questions are answered in the affirmative by Cameron v. United States, 231 U. S. 710, 34 S. Ct. 244, 58 L. Ed. 448, and many other cases decided by the courts. This contention of the bankrupt is therefore not well taken.

[2] Another contention urged is that the petition of the receivers does not show any necessity for such examination, and that it appears that the examination sought was for the purpose of enabling the petitioning creditors to prove insolvency. Under section 21 a, the examination allowed is for the purpose of ascertaining facts concerning the acts, conduct, or property of the bankrupt. A reading of the petition and the orders based thereon shows that the examination sought and allowed is confined to those purposes named in the act.

The contention that the examination sought is a mere fishing expedition, to enable the petitioning creditors to prove insolvency, is not, in my judgment, justified. I do not think that the fact that receivers have not the standing to recover assets which may have been fraudulently disposed of, in a plenary suit, bears upon the decision of the question here involved. They are officers of the court, appointed because necessary to conserve the assets, for the purpose of distribution among the creditors in the event there is an adjudication. It seems to me that it is one of the important duties of the receivers to seek out the assets of the bankrupt, and this is sought in the petition filed in this cause.

[3] It is also urged that the motions should be granted because the order for examination was made on the ex parte application and without notice to the bankrupt. The case of Rawlins v. Hall-Epps Clothing Co., 217 F. 887, 133 C. C. A. 594, is relied upon in support of such contention. It is true, as said in that case, that the bankrupt should be given notice and an opportunity to be heard to contest the passing of the order, if he so desires; but the action of the lower court was not reversed upon the want of notice to the bankrupt in that case. That case presented other points, as pointed out in the opinion, requiring the reversal of the lower court. I do not find such matters existing in the instant case. The petitioning creditors in that case were endeavoring to pry into the business of the bankrupt, with the purpose clearly apparent to establish their involuntary petition. In fact, it was apparent that they were seeking to use section 21 a to the same end that they might make of the examination of the bankrupt at a meeting of creditors, which is not the province of section 21 a. The question then recurs: Should the orders for examination be vacated, because notice was not given the bankrupt? I think not. Has the bankrupt been injured by the failure to give notice? I think not. The sole purpose of the examination is to trace assets, which appear, by the books of the bankrupt in the possession of the receivers, to require elucidation. If such assets are discovered, the estate of the bankrupt will to that extent be benefited. And though the receivers may not be in position to bring suit to recover them, any creditor may under the Bankruptcy Act.

I am of opinion that motions contained in the response, and the motion filed by the bankrupt must be denied, and the rule discharged. It will be so ordered.