## In re GOODWIN.
### No. 39843.

District Court, D. Massachusetts.
Feb. 28, 1930.

Martin Witte, of Boston, Mass., for D. R. Murdock.

Joseph J. Donahue and Clement J. Redmond, both of Boston, Mass., for trustee in bankruptcy.

BREWSTER, District Judge.

There is before the court for review, in the above-entitled matter, a certificate of the referee, from which it appears that the trustee petitioned the referee for leave to examine, under section 21a of the Bankruptcy Act (USCA title 11, § 44(a), one Daniel R. W. Murdock. The application did not state the purposes for which the examination was to be held. Without notice to the witness, the petition was granted in ex parte proceedings, and a subpœna in the usual form issued out of this court commanding the witness to appear before the referee at a time and place stated. The witness appeared in response to the subpœna, and the examination was adjourned to a later date, at which time the witness again appeared with counsel, when an application was filed by the witness praying that the trustee be ordered to refrain from pressing his proposed examination of the petitioner, and that the subpœna be declared void and of no effect.

In the petition of the witness, he represents that about a year ago the trustee instituted a suit against the William J. Murdock Company, which was still pending in this court, alleging that the company had received preferential payments from the bankrupt, and that he had reason to believe that he was to be examined as an officer of the defendant company. This application the referee denied, and certified the question for review.

Upon the facts set forth in the referee's certificate, his action must be affirmed. While some of the courts have intimated that the better practice would be to give a bankrupt notice of an application for his examination under section 21a (11 USCA § 44(a), Rawlins v. Hall-Epps Clothing Co. (C. C. A.) 217 F. 884, 887, a failure to do so affords

no ground for vacating the order to appear for the examination, In re Broward County Lumber Co. (D. C.) 15 F.(2d) 562; In re Youroveta Home & Foreign Trade Co., Inc. (C. C. A.) 288 F. 507, 519. I see no reason why the same rule should not apply to an examination of a witness other than the bankrupt when, as in the case at bar, the witness has not been prejudiced by the proceedings. Nor on the record presented by the certificate was the referee justified in ordering the trustee to refrain from the examination. There is nothing in his certificate which tends to indicate that the trustee is resorting to section 21a, 11 USCA § 44(a), for the purpose of conducting an improper examination into the conduct, acts, or property of the bankrupt. The referee could not, before the examination was actually under way, enter an order denying the rights of the trustee to hold an examination.

▮ The practical question arises upon a fact which does not appear in the certificate, but which, for the purposes of the case, was stipulated in open court. This fact is that the trustee desired to examine Murdock in order to prepare his case against the William J. Murdock Company for trial. The mere fact that a suit is pending between the trustee and the witness is not enough, in itself, to deprive the trustee of a right to examination under section 21a (11 USCA § 44(a). In re E. S. Wheeler & Co. (D. C.) 151 F. 542; In re Youroveta Home & Foreign Trade Co., supra. But it is apparent, from an examination of these cases, that the trustee was held strictly to the objects contemplated by the statute. The courts have had occasion to consider the scope of the purposes of these provisions. Thus it was said in Cameron v. United States, 231 U. S. 710, 34 S. Ct. 244, 246, 58 L. Ed. 448, that "the object of the examination of the bankrupt and other witnesses to show the condition of the estate is to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved." Again, it is said that the examination thus provided was not intended as a means of producing testimony pertinent to issues then on trial, but their object is to afford to the creditors and the officers charged with administering the trust full information touching the bankrupt's estate, in order that necessary steps may be taken for its possession and preservation. In re Fixen (D. C.) 96 F. 748; In re Stell (D. C.) 269 F. 1008. "It would be a perversion of the purpose of section 21a to exercise the power it confers to obtain evidence for use on the trial of the issue of solvency or insolvency." Abbott v. Wauchula Mfg. & Timber Co. (C. C. A.) 229 F. 677, 681. See, also, In re Madero Bros. (D. C.) 256 F. 859. And, when a party other than the bankrupt is to be examined, a more restricted application will be given to the section. In re Carley (D. C.) 106 F. 862.

In view of the admission of the trustee that his purpose was to prepare for trial his suit against the corporation, of which the witness was an officer, it is difficult to see how he is likely to derive, from the examination of the witness, any information that will assist in discovering bankrupt's property, or which will reveal acts and conduct of the bankrupt at all material to the administration of the bankrupt's estate. If he should, at the examination, undertake to draw from the witness the names of the witnesses relied upon for the defense, and the nature of the testimony of such witnesses, clearly the witness would not be required to give such information. The examination would then go far beyond the purview of the statute.

Notwithstanding all this, I have grave doubts whether the action of the referee, in denying the application of the witness, should be reversed. To order the trustee to refrain from the examination is to presuppose that the trustee will attempt to proceed in his examination along improper lines. I feel that the referee can be relied upon to see to it that the examination does not transcend the limits of legitimate investigation. I think the witness has mistaken his remedy. He should submit to the examination, and, if it appears that the inquiries do not relate to the property of the bankrupt, or to his conduct or acts, the referee will not require the witness to impart the information sought. For that reason, I am affirming the order of the referee and leaving the matter to his discretion in full confidence that the rights of the witness will be respected and that the examination under section 21a (11 USCA § 44(a) will be kept within legitimate boundaries.