## In re RODGERS–MEYERS FURNITURE CO.
### No. 2943.

District Court, N. D. Texas, Dallas Division.

Oct. 13, 1930.

McCormick, Bromberg, Leftwich & Carrington, McNees & Roberts, and Hoyt A. Armstrong, all of Dallas, Tex., for the application.

Touchstone, Wight, Gormley & Price and H. W. Strasburger, all of Dallas, Tex., opposed.

ATWELL, District Judge.

On the 10th of July an involuntary petition was filed against the Rodgers-Meyers Furniture Company. On the 18th of July that company denied the commission of any act of bankruptcy, or that it was insolvent, and on the 28th of July asked for a jury. On the 6th of October this request for the inspection of the physical properties of the bills and accounts receivable was made by the petitioning creditors. The reason for the application is alleged to be "in order to en-

able these petitioners to properly present appropriate evidence to this court supporting their allegations of insolvency."

In support of the motion evidence was offered tending to show that a letter had been written by the alleged bankrupt in which it was stated that "the entire question before each creditor is whether a larger dividend is desired through the regular course of business, or, a smaller one through the forced sales and channels of bankruptcy."

In the case of Montana Company v. Saint Louis Mining Company, 152 U. S. 165, 14 S. Ct. 506, 507; 38 L. Ed. 398, Mr. Justice Brewer upheld a Montana mining statute which gave wide inspection rights. The learned justice made use of expressions, in the defense and recognition of the power of the chancellor to order discovery, which have supported a strong argument for the relief asked here. "I think the case is one in which there is a necessity that the party should be allowed what he asks, in order to prove his case. That is the meaning of necessity. A party cannot get his rights without proving what his rights are; and it is inherent in the case that the plaintiffs should have an opportunity of ascertaining that the defendants do not work more coal than they are entitled to do," was said in support of the mining statute.

But, without abating in the slightest the salutary and necessary power of equity to make such orders as insure justice, it is necessary that we bear in mind that the machinery of the bankruptcy mode is statutory. While the court functions on the equity side it is administering the written law. Inspection orders may be made under the authority of statute, or, in appropriate situations, by virtue of the general power of a court of equity. Cameron v. U. S., 231 U. S. 710, 34 S. Ct. 244, 58 L. Ed. 448; U. S. v. Liberman (C. C.) 176 F. 161, 162; In re Fleischer (D. C.) 151 F. 81; Rawlins v. Hall (C. C. A.) 217 F. 884; In re Stell (D. C.) 269 F. 1008; Abbott v. Wauchula Co. (C. C. A.) 229 F. 677, 680.

The present case is without receivership and stands now upon allegation and denial of insolvency. The application states that the inspection is desired "to properly present appropriate evidence to the court supporting allegations of insolvency." Such an effort and such a reason will not support the violation of one's exclusiveness in property. The validity of what is asked may be tested, not by what the asker would do under the request, but by what may be done by such authority.

Sections 3 and 21a of the Bankruptcy Act, 11 USCA § 21, and § 44(a), must be considered. The entire machinery is for the purpose of securing the assets of a debtor for the creditors. To this end the Congress has written and courts have functioned. It would be a perversion of such purpose to exercise the power to obtain evidence for use on the trial of the issue of solvency. Abbott v. Wauchula Co., supra; Rawlins v. Hall Co., supra.

The alleged bankrupt has the right to have the issue tried by a jury, and were the court to require it to submit to an investigation and to an inspection of assets prior to the determination of that issue, unless there were some impelling necessity presented, it would be going too far.

The application is denied without prejudice to the right of petitioners to renew same if and when it may be made to appear that the protection of their interests require discovery.