## In re McLELLAN STORES CO.

No. 52596.

District Court, D. Massachusetts.

May 25, 1933.

B. A. Brickley, of Boston, Mass., for Benjamin Spinoza et al.

Jacob J. Kaplan, of Boston, Mass., for trustee in bankruptcy.

BREWSTER, District Judge.

This matter is before the court upon a motion to vacate an ancillary order requiring the persons designated therein to appear before a commissioner for examination. The proceedings were instituted by the trustee under section 21a of the Bankruptcy Act (11 USCA § 44 (a), pursuant to authority given by the District Court of the United States for the Southern District of New York. The order was granted ex parte, and it is agreed that the court may now consider the application for examination as if it was originally presented.

From the allegations contained in the petition, it appears that the bankrupt operated a chain of stores, 33 of which were located in Massachusetts, and 49 in the New England states. Isadore Green, a director of the bankrupt, and Benjamin Spinoza, his attorney, have caused to be organized a corporation known as the "Green Brothers Five Cent to a Dollar Stores, Inc." They have been actively engaged in canvassing the various landlords, whose premises were occupied by the bankrupt, with a view to obtaining leases of said premises.

This application for an examination is brought by the trustee in bankruptcy in order

678

that he may inquire into the activities of the two individuals and the new corporation.

The proposed witnesses object to the examination on the ground that section 21a does not authorize it. The applicable statute reads as follows: "A court of bankruptcy may, upon application of any officer, * * * by order require any designated person, * * * to appear in court or before a referee or the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration. * * * "

It is conceded, I think, that the proposed examination does not concern the corporate acts of the bankrupt, although it may be said to concern the conduct of one of its directors subsequent to the adjudication.

It is urged by the trustee that the examination concerns the property of the bankrupt whose estate is in the process of administration. It appears from the application that the trustee has been authorized to conduct the business of the bankrupt and is now operating the stores in Massachusetts and in the New England states, as above referred to, and that these stores are an important part of the general stores operated by the petitioner as trustee; that the bankrupt has invested $5,000,-000 in furnishings and fixtures, on leaseholds and in improvements of leased property, and that serious loss will result to creditors if the trustee is forced to close and liquidate any substantial number of the stores of the bankrupt.

It is quite obvious from the petition that the activities of the persons sought to be interrogated will, if successful, seriously impair the value of the bankrupt estate as a going concern, and may result in a forced liquidation with the attendant sacrifice of merchandise and fixtures.

Whether the trustee contemplates invoking the equity jurisdiction of the United States court for relief against the activities of this director and his attorney is not stated, but if the sole object of the examination is to lay a foundation for such proceeding, the trustee, I take it, may not properly invoke section 21a for such preliminary examination.

It has been held that the examination "was not intended as a means of producing testimony pertinent to issues then on trial." Cameron v. United States, 231 U. S. 710, 34 S. Ct. 244, 58 L. Ed. 448; In re Fixen (D. C.) 96 F. 748; In re Stell (D. C.) 269 F. 1008; Abbott v. Wauchula Mfg. & Timber Co. (C. C.

A.) 229 F. 677; In re Goodwin (D. C.) 38 F.(2d) 669, 670.

I see no good reason why this rule should not equally apply to future as well as present litigation.

The courts in dealing with the scope of section 21a have observed that the legitimate object of an examination was to discover assets or grounds of opposition to a discharge. In re Youroveta Home & Foreign Trade Co. (C. C. A.) 288 F. 507, 513, Cameron v. United States, supra.

I do not think, however, it follows from these decisions that these objects are the only legitimate ones that come within the purview of the statute. If inquiry is sought for the purpose of conserving assets which have come into the hands of the trustee, the examination would be a proper one, provided it did not go into the private affairs of witnesses which in no way concerned the estate in bankruptcy.

The director of the bankrupt corporation stands as to the creditors of the corporation in a fiduciary relationship and owes a duty to refrain from acts that will impair the value of the estate. McCourt v. Singers-Bigger (C. C. A.) 145 F. 103, 7 Ann. Cas. 287.

If his acts after adjudication are calculated to diminish the value of the estate, they may properly be the legitimate subject of inquiry by proceedings under section 21a. So far as the trustee may derive from the examination information which will aid it in realizing the largest practicable dividend for creditors, the examination may properly be had. Of course, such examination would need to be limited to the legitimate objects contemplated by the statute; but here, as in the case of In re Goodwin, supra, I think the matter may be left to the wise discretion of the commissioner who will, presumably, be able to prevent the examination from transcending the lawful bounds of an examination under the act.

It is suggested that the trustee has an equitable right which resides in the reasonable expectancy of renewal of the leases, and that, therefore, any examination relative to such renewals would be an examination concerning the property belonging to the estate being administered. In McCourt v. Singers-Bigger, supra, cited in support of this proposition, it appears that the term of the lease had expired by its own limitation, and the circumstances were such as to ground a reasonable expectancy that the lease could be renewed upon the same terms and conditions.

I doubt very seriously whether the trustee of a bankrupt lessee has any such reasonable expectancy of a new lease upon different terms as would rise to the dignity of even an equitable right, but, as above indicated, the trustee does have not only a right but a duty to pursue the course which will yield for creditors the best obtainable results. Such an examination would clearly concern, not future expectations, but the property and assets which the trustee is charged with administering.

Plaintiff's motion is overruled.