**In re SHELL METAL PRODUCTS, Inc.**

District Court, S. D. New York.

May 12, 1937.

Palmer & Serles, of New York City, for creditor, Washburn Wire Co., and bankrupt.

Louis P. Rosenberg, of New York City, for petitioning creditors.

PATTERSON, District Judge.

The motion is by Washburn Wire Company, a creditor of the bankrupt, to set aside the adjudication and to dismiss the proceeding.

An involuntary petition in bankruptcy was filed on March 24, 1937, by three persons who claimed to be creditors with claims totaling $1,500. The petition was sufficient on its face, except for the fact that Palmer, one of the petitioners, who stated that he was the bona fide assignee of a claim against the bankrupt originally held by Ellenville Properties, Inc., did not annex the instrument of assignment as required by General Order 5 (11 U.S.C.A. following section 53). One of the acts of bankruptcy alleged was the making of an assignment for the benefit of creditors on March 10, 1937. On the involuntary petition a subpœna was issued to the alleged bankrupt returnable April 3, 1937. The subpœna was never served. The alleged bankrupt on April 6, 1937, filed an appearance and consented to be adjudicated bankrupt. The appearance and consent bore the signature and verification of Levine, treasurer. Order of adjudication was entered the next day. It also appears that on April 2, 1937, the attorney for Washburn Wire Company filed an affidavit in the cause, asking that in the event of adjudication the case be sent to a referee in the county where the alleged bankrupt was said to have its principal place of business.

Washburn Wire Company on April 26, 1937, made a motion to vacate adjudication and to dismiss the case. The papers contain statements tending to show that the moving party is a creditor of the bankrupt, that Palmer was not in fact the assignee of a claim by Ellenville Properties, Inc., and that Levine's act in appearing and consenting to adjudication in behalf of the bankrupt was not authorized by the bankrupt's directors or stockholders. The petitioning creditors and other creditors opposed the motion, with sworn statements to the effect that Palmer was in fact the assignee for value of the Ellenville Properties claim against the bankrupt, and that the other two directors of the bankrupt corporation had approved of Levine's action in appearing and consenting to adjudication.

By an ex parte order of April 29, 1937, another creditor with claim of $800 was permitted to intervene in support of the involuntary petition.

Where a creditor moves to vacate adjudication on grounds other than those touching the jurisdiction of the court to make an adjudication, he must make a plausible showing of defenses to the petition on the merits and must also furnish excusable explanation for not interposing the defenses in regular course within the

time fixed by the Bankruptcy Act (section 3 [11 U.S.C.A. § 21]). Abbott v. Wauchula Mfg. & Timber Co., 240 F. 938 (C.C.A. 5); In re Enjay Holding Co., 18 F.Supp. 445 (D.C.N.Y.). The moving creditor had knowledge of the filing of the involuntary petition in ample time to have answered it prior to any adjudication. Such knowledge is shown by the affidavit filed by the attorney on April 2nd. It follows that the point as to the status of Palmer as one of the petitioning creditors comes too late now.

The moving creditor's other point, that the treasurer of the bankrupt had no authority to appear and consent, raises a question of jurisdiction. For the subpœna was never served on the bankrupt, and the entry of the order of adjudication was due to the apparent voluntary appearance and consent. The matter will be referred to the referee in charge as special master to take testimony and report on whether the act of the treasurer was approved formally or informally by the other officers and directors of the corporation. An order of reference may be submitted.