## In re CLIFFE.

(District Court, E. D. Pennsylvania. October 27, 1899.)

### No. 45.

1. BANKRUPTCY—EXAMINATIONS—CREDITOR AS WITNESS.

The provisions of the bankruptcy act determining the forum in which suits by a trustee in bankruptcy against an adverse claimant may be brought do not in any way limit the right of the trustee to examine any competent witness concerning the acts, conduct, or property of the bankrupt; and he may examine a creditor, whose claim he disputes, concerning the extent and nature of the bankrupt's alleged indebtedness to him, without regard to the question as to what court, federal or state, would have jurisdiction of the trustee's suit against such creditor if he should decide to sue.

2. SAME—SCOPE OF INQUIRY.

Under Bankr. Act 1898, § 21a, providing for the examination of any competent witness "concerning the acts, conduct, or property of the bankrupt," a creditor of the bankrupt, being examined as a witness in the proceedings, cannot refuse to answer questions concerning the nature, extent, or evidences of his claims against the bankrupt, on the ground that his answers may furnish evidence which may be used against him in a civil suit thereafter to be brought against him by the trustee in bankruptcy.

In Bankruptcy. On review of decision of referee in bankruptcy.

In proceedings in the bankruptcy of Walter R. Cliffe, at a meeting held before the referee, one Frederick W. Tunnell was sum-

moned as a witness by the trustee and the petitioning creditors, and, being sworn, was examined. In the course of the examination, the following interrogatory was propounded to him: "On January 11, 1899, in what sum was he [the bankrupt] indebted to you, and what obligations of his did you hold?" Counsel for the witness objected to the question upon the ground that, from evidence of the bankrupt previously given, it appeared that there was a controversy pending between the witness and the trustee in bankruptcy; that the proper forum for its determination, should a suit be brought by the trustee, would be the state court; and that, in advance of such trial in such court, the trustee or the creditors of the bankrupt were not entitled to question the witness in this court about the subjects so in controversy or dispute. On advice of his counsel, witness refused to answer the question; and the referee, deciding that he was bound to answer, certified the matter and his decision thereon to the judge for review, with the following opinion:

The witness was called to testify on behalf of the trustee and creditors under section 21a of the bankruptcy act of July 1, 1898, which provides that "any designated person * * * who is a competent witness under the laws of the state in which the proceedings are pending" may be required to appear and "be examined concerning the acts, conduct or property of a bankrupt whose estate is in process of administration under this act."

Under section 26 of the bankruptcy act of March 2, 1867 (see Rev. St. U. S. §§ 5086, 5087), any person could be required to attend as a witness and be examined as to all "matters concerning the property and estate of the bankrupt and the due settlement thereof." Section 26 of the act of 1867 has been frequently interpreted by the courts, and a reference to a few of the cases will be made:

In Re Fay, Fed. Cas. No. 4,708, Judge Lowell decided that a witness cannot refuse to answer questions concerning his dealings with the bankrupt on the ground that his answers may furnish evidence against him in a civil case brought or to be brought on behalf of the assignee, and says, "The main, if not the only, purpose of the statute authorizing such an examination, is to enable the assignee to obtain evidence for civil suits, or to ascertain that there is no such evidence." In this case suit had been begun by the assignee to recover a large sum of money which he alleged had been received by the witness, and the witness denied the right of examination while the suit against him was still pending, contending that he could not be compelled to give evidence against himself.

In Re Blake, 2 N. B. R. 10, Fed. Cas. No. 1,492, the district court for the Western district of Michigan decided that a witness cannot rightfully object to being sworn or refuse to be examined upon any matters which shall be within the subjects mentioned in section 26 of the bankruptcy act of 1867.

In Re Stuyvesant Bank, 6 Ben. 33, Fed. Cas. No. 13,582. Judge Blatchford decided that in such examination a witness is not entitled to counsel. even though his examination may establish a liability on his part to the bankrupt's estate, and must be compelled to answer questions respecting his transactions with the bankrupt. To the same effect are the cases In re Comstock, Fed. Cas. No. 3,080, 3 Sawy. 517; In re Fredenberg, Fed. Cas. No. 5,075, 2 Ben. 133; In re Feinberg, Fed. Cas. No. 4,716, 3 Ben. 162.

Section 26 of the act of 1867 and section 21a of the act of 1898 are substantially the same, and the decisions under the former are controlling.

But one case upon this subject arising under the act of 1898 has been reported. In Re Howard (D. C.) 95 Fed. 415, the district court for the Northern district of California has applied the decisions under the act of 1867 to the act of 1898, and decides that a witness must submit to examination relevant to matters concerning the acts, conduct, or property of the bankrupt.

As to the objection that the proper forum for the trial of the controversy,

which is assumed by counsel for the witness to exist in this case between the trustee and the witness, is the state court, it may be said that this question does not now require decision. If it did, it might perhaps be held that the trustee could bring suit in the United States district court. See Carter v. Hobbs (D. C.) 92 Fed. 594, and In re Sievers (D. C.) 91 Fed. 366.

As to the objection that the witness cannot be examined in this proceeding concerning the acts, conduct, or property of the bankrupt, because it may be that the trustee will hereafter bring suit against the witness, and that the witness cannot be compelled to testify, on the ground that his answers may furnish evidence against him in such suit, the referee is of opinion that this objection cannot prevail against the provisions of the act and the decisions by the courts above stated.

The referee is of opinion that the objections are invalid, and overrules them, and orders that the witness be required to answer the question objected to, and all other questions relevant to matters concerning the acts, conduct, or property of the bankrupt. And the question whether or not the examination of the witness can be taken under the objections made is certified to the judge for his opinion.

R. C. Dale, for witness.

Andrew W. Crawford, Simpson & Brown, and H. J. Williams, for petitioning creditors.

McPHERSON, District Judge. The referee has certified that Frederick W. Tunnell, who was called as a witness by the trustee and the petitioning creditors, has declined to answer questions concerning the indebtedness of the bankrupt. Judgment was obtained against the bankrupt by the witness in January of this year, about a month before the petition in bankruptcy was filed, and the sum appearing by the judgment to be owing was collected by execution. The question is presented whether the provisions of the act of 1898 concerning the examination of witnesses before a referee differ from similar provisions in the bankrupt act of 1867. Without quoting the language of the two statutes, it may be enough to say that such difference as may exist does not seem to me to be material; and I feel bound, therefore, by the decisions upon the act of 1867, cited in the learned referee's opinion.

Even if section 23 of the act of 1898 forbids the trustee to sue an adverse claimant in a federal court, unless the bankrupt himself could have sued in that tribunal,—a point I do not decide,—nevertheless there is no limitation expressed by that section upon the right, given by clause "a" of section 21, to examine "any designated person * * * concerning the acts, conduct or property of a bankrupt whose estate is in process of administration"; and I do not find a limitation necessarily implied by the language, or by the subject-matter, of section 23. Whether the trustee shall sue at all is the principal and preliminary question to be determined by the examination provided for by section 21. Before what tribunal he shall sue, after the preliminary question has been decided in the affirmative, is a distinct and succeeding step, and with this matter only is section 23 concerned. The two subjects are so far separate, that I do not regard one as materially modifying the other.

The decision of the referee is approved, and it is now ordered that the witness submit to examination upon matters concerning the acts, conduct, or property of the bankrupt.