### In re WEIDENFELD.

(Circuit Court of Appeals, Second Circuit. November 13, 1918.)

#### No. 57.

1. BANKRUPTCY ☞236—EXAMINATION—ESTATE IN PROCESS OF ADMINISTRATION.

The estate of an alleged bankrupt is in process of administration from the time of the filing of the petition, and hence, though adjudication had not been had, an order for the examination of the bankrupt's wife, pursuant to Bankruptcy Act, § 21a (Comp. St. § 9605), was warranted; it appearing that the bankrupt by his dilatory tactics had delayed adjudication more than one year.

2. BANKRUPTCY ☞443—PETITION TO REVISE—PARTY IN INTEREST.

An alleged bankrupt is not a party aggrieved, within Bankruptcy Act § 24b (Comp. St. § 9608), by an order for the examination of his wife, and he cannot maintain a petition to revise the same.

3. BANKRUPTCY ☞234, 443—EXAMINATION OF WITNESSES—DISCRETION OF COURT.

An order, under Bankruptcy Act, § 21a (Comp. St. § 9605), for the examination of witnesses is a discretionary order, and as such is not reviewable upon the application even of the party aggrieved, except for an abuse of discretion.

4. BANKRUPTCY ☞234—EXAMINATION OF WITNESSES—ABUSE OF DISCRETION.

In involuntary proceedings, an order under Bankruptcy Act, § 21a (Comp. St. § 9605), for the examination of the bankrupt's wife as a witness, held not an abuse of the court's discretion.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of Camille Weidenfeld, alleged bankrupt. Petition by the alleged bankrupt to revise an order of the District Court denying the bankrupt's application for an order directing that the referee or special master should determine for the information of the court whether a motion for the examination of the bankrupt's wife, which had been granted, was made in good faith. Order affirmed.

Herman J. Witte, of New York City, for alleged bankrupt.

Otto B. Schmidt, of New York City (Marshall S. Hagar, of New York City, of counsel), for creditor Fischer.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROGERS, Circuit Judge. It appears that an involuntary petition in bankruptcy was filed against the alleged bankrupt on May 12, 1917. The alleged bankrupt appeared and filed his answer, and denied the allegations of the petition, and up to the present time no adjudication has been had; the trial of the issue having been repeatedly adjourned at his request. It appears, therefore, that for more than 17 months the creditors of this alleged bankrupt have been prevented from prosecuting or in any way endeavoring to collect their claims.

In July, 1917, one Bessie C. Fischer, a creditor with claims against the alleged bankrupt aggregating upwards of $14,000, and who had been unable to prosecute her claims by reason of the pending bankruptcy proceedings, made an application for the examination of the alleged bankrupt, his wife, Katherine C. Weidenfeld, and others, pursuant to section 21a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 551 [Comp. St. § 9605]), which may be found in the margin.[1]

The application to examine the alleged bankrupt was granted. The application to examine his wife was reserved subject to a renewal of the application. The alleged bankrupt having been examined, the application was renewed in December, 1917, for leave to issue a subpœna for the examination of his wife, and after due consideration the motion was granted on January 19, 1918, and an order to that effect was entered. That order, upon motion of the alleged bankrupt, and not upon the motion of his wife, was resettled, and, as resettled, was entered in the clerk's office on May 16, 1918. No application to review that order has ever been made by the wife.

Thereafter, and after the time to appeal or to revise the order of May 16th under section 24b of the act (Comp. St. § 9608), which is found in the margin,[2] had expired, the alleged bankrupt again, and not his wife, sought to obtain an order directing that a referee or special master should hear and determine for the information of the court whether the motion which had been made and granted for the examination of the wife was made in good faith. This application was denied on June 3, 1918, and on June 10, 1918, an order to that effect was entered; so that the petition to revise is to review this order of June 10th, and the petitioner is the alleged bankrupt; and not the wife, who is the witness to be examined.

The petitioner asks this court to declare the order erroneous, on the ground that the court before adjudication cannot inquire into

[1] *"Evidence.—a* A court of bankruptcy may, upon application of any officer bankrupt, or creditor, by order require any designated person, including the bankrupt and his wife, to appear in court or before a referee or the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act: Provided, that the wife may be examined only touching business transacted by her or to which she is a party, and to determine the fact whether she has transacted or been a party to any business of the bankrupt."

[2] "The several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

matters pertaining to the bankrupt's business, and had no right to make the order of April 10, 1918, and that it also exceeded its jurisdiction by denying the petitioner's motion by the order filed on June 10th, refusing to vacate the order of April 10th.

[1] Section 21a of the Bankruptcy Act, heretofore cited, authorizes the bankruptcy court upon the application of any creditor to require any designated person including the bankrupt's wife to submit to an examination concerning the acts, conduct or property of a bankrupt "whose estate is in process of administration" under the act. That Bessie C. Fischer, who made the application in this case, is a creditor, is not denied.

There has been a very decided difference of opinion in the courts as to when an estate "is in process of administration" under the act. But in 1914 the Supreme Court settled the matter in Cameron v. United States, 231 U. S. 710, 717, 34 Sup. Ct. 244, 58 L. Ed. 448. It declared, as we understand the decision, that the estate is in process of administration from the filing of the petition in bankruptcy; that being the time when the property of the alleged bankrupt passes in custodia legis. It is not material whether there has yet been an adjudication, or whether a receiver has yet been appointed; and it is not material whether the proceeding is in a voluntary or involuntary bankruptcy. The filing of the petition prevents any creditor from attaching the estate, and it is intolerable that a creditor should be left in the position in which this creditor finds herself for a period of a year and a half, with nothing determined as to her rights in the estate. The object of such an examination as is here proposed is to enable the court to discover the extent and whereabouts of the alleged bankrupt's estate, and to come into possession of it, in order that the rights of creditors may be preserved. The importance of an early examination in such cases has been more than once emphasized by the courts. In Cameron v. United States, 231 U. S. 710, 34 Sup. Ct. 244, 58 L. Ed. 448, the Supreme Court, in commenting upon the necessity of an early examination to ascertain the extent and whereabouts of the estate, said:

"If such examination is postponed until after adjudication, which may not take place for at least 20 days, within which the bankrupt in involuntary bankruptcy is given leave to appear and plead, the estate may be concealed and disposed of and the purpose of the act to hold it and to distribute it for the benefit of creditors defeated."

In the case of In re Fleischer (D. C.) 151 Fed. 81, 83 (1907), Judge Hough, then a District Judge, in referring to the necessity of prompt action in this class of cases said:

"The desirability and importance of promptly conducting an investigation into the affairs of any person petitioned into the bankruptcy court has been too often shown to be open to doubt. To wait until adjudication to ascertain from the bankrupt's own lips the situs of his property and his own explanations of the situation in which the creditors find themselves is in many cases giving to those guilty of fraud just the necessary time to permit the fraud to be consummated and the fruits thereof secured. In my opinion it is not too much to say that a skillful and vigorous use of early examinations of involuntary bankrupts is the one thing which enables creditors to prevent this statute being easily turned into a shield for dishonesty and a potent aid to fraud."

[2] The petitioning creditor is clearly entitled to the order which has been entered. The alleged bankrupt has no standing in this court to complain of the order; he not being the party aggrieved within the meaning of section 24b.

[3, 4] We may add that in any event the order sought to be reviewed is a discretionary order, and as such would not be reviewable upon the application even of a person aggrieved, except for an abuse of discretion, and no abuse of discretion in the making of the order is shown.

In conclusion it must be said that the petition to revise which the alleged bankrupt has brought indicates what his policy has been throughout. He has sought to delay and to obstruct the orderly and proper administration of the bankruptcy court. The examination of his wife should take place at the earliest practicable time, and an end be put to the obstructive tactics which have been employed to hinder and delay creditors contrary to the intent of the Bankruptcy Act.

The petition to revise is dismissed, with costs.