### In re MADERO BROS.

### Ex parte STRASSBURGER.

(District Court, S. D. New York. April 2, 1919.)

BANKRUPTCY ☞234—EXAMINATION OF BANKRUPT—CONTRACTS OF TRUSTEE.

Bankruptcy Act, § 21a (Comp. St. § 9605), authorizing examinations before the referee "concerning the acts, conduct and property of the bankrupt," is inapplicable to an examination concerning an alleged contract regarding the bankrupt's property, made, not by the bankrupt, but by the trustee in bankruptcy.

In re Madero Bros., bankrupts. On motion by the trustee in bankruptcy for an order declaring respondent in contempt. Denied.

Motion by the trustee for an order on the referee's certificate declaring the respondent to be in contempt under the following circumstances: The trustee, having qualified, delivered goods to the respondent, alleging a contract of sale. The respondent, on the other hand, asserted that they were delivered only on consignment, to be sold for the trustee's account, and paid for only in case of such sale, for which reason he refused to pay. The trustee then sued in contract in the state court; the respondent answered, and, the cause being at issue, the trustee obtained an order under section 21a (Act July 1, 1898, c. 541, 30 Stat. 551 [Comp. St. § 9605]) to examine the respondent before the referee. The examination could concern only the transactions which were the subject of the cause, because the respondent had no other dealings with the estate. He therefore refused to answer any questions, and was found in contempt by the referee. The single question is whether the examination can be extended to the matters so arising between the trustee and the respondent.

Irving L. Ernst, of New York City, for trustee.
Bick, Godnick & Freedman, of Brooklyn, N. Y., for respondent.

LEARNED HAND, District Judge (after stating the facts as above). So far as I have found, this is a case of first impression. It is quite true that it is no valid objection to an examination under section 21a that the evidence elicited may be pertinent to a suit pending between

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the trustee and the witness. In re Cliffe (D. C.) 97 Fed. 540, 542. But the objection in the case at bar does not turn on the validity of that objection. The question rather is whether the examination concerns the "acts, conduct and property of the bankrupt"; for, if it does not, then it is not authorized. Certainly it does not touch the acts and conduct of the bankruptcy; so much is obvious. Nor does it properly touch his property either, for the trustee, having possession, sold it, as he claims, to the respondent, and he wishes to examine him about that transaction. When the trustee dealt with the property by selling or delivering it, he acted as any other owner, and in consequent litigation he stands in no different position from any other litigant. He must be content with those remedies which that forum gives him which he has chosen.

The meaning of the section is only that in securing possession of the estate of the bankrupt, even though he must have resort for that purpose to a plenary suit, the trustee shall be accorded the power of the bankruptcy court to learn all the facts. He is a newcomer into the bankrupt's affairs, and as such he is entitled to all available information. In dealings of his own with that property after securing possession he acts differently. There is no more warrant for drawing into the bankruptcy court the examination of witnesses in such litigations than there would be in trying the cases here originally. Verbally, perhaps, the examination touches the property of the bankrupt, but only so. The purpose of the provision certainly precludes such an interpretation.

The motion is denied.