## In re A. & W. NESBITT, Limited.

## ULLMAN et al. v. DAVID BLUSTEIN & BRO.

(Circuit Court of Appeals, Second Circuit. May 1, 1922.)

No. 305.

1. **Bankruptcy ⊜➞446—Reasons assigned by party seeking relief presumed sole reasons actuating court in granting order, where record contains no opinion.**

   Where the record contains no opinion by the lower court on granting an order, it will be presumed that the reasons assigned by the party relieved were the reasons, and the only reasons, that actuated the court.

2. **Bankruptcy ⊜➞446—Discretionary order for examination of witnesses not reviewable, except for abuse of discretion.**

   An order for the examination of witnesses under Bankruptcy Act, § 21a (Comp. St. § 9605), is a discretionary order, and as such is not reviewable by party aggrieved, except for an abuse of discretion, and then by a petition to revise.

3. **Bankruptcy ⊜➞446—Refusal to follow settled law abuse of discretion, reviewable on petition to revise.**

   It is an abuse of discretion, reviewable on petition to revise,· for court to refuse to follow the law settled by approved decisions, even when exercising discretion.

4. **Bankruptcy ⊜➞234—Examination concerning bankrupt cannot be avoided because, in pending litigation between witness and bankrupt, each claimed to be creditor of other.**

   Under Bankruptcy Act, § 21a (Comp. St. § 9605), the examination of competent witnesses concerning the property of the bankrupt could not be avoided on the ground that between the witness and the bankrupt there was pending litigation in another court, wherein each party in substance asserted the other to be indebted to him.

5. **Bankruptcy ⊜➞242(2)—Remedy of witness for unlawful questions is by summary reference to District Judge.**

   If examination of a witness under Bankruptcy Act, § 21a (Comp. St. § 9605), goes too far, and unlawful or unnecessary questions are asked, the witness may obtain relief on summary reference to the District Judge.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

Petition of Joseph Ullman and another, as receivers of A. & W. Nesbitt, Limited, alleged bankrupt, against David Blustein & Bro., to revise an order vacating a subpœna against defendant and enjoining the receivers from examining its partners or its books. Order reversed.

An involuntary petition having been filed against Nesbitt, Limited, a receiver was appointed, who applied for an order under section 21a. His petition therefor alleged that the assets of the estate consisted in part "of claims against the following named persons, firms or corporations," and in the list then following was included the name of David Blustein & Bro. The petition further asserted that the bankrupt's books showed that (inter alios) Blustein had business relations with the bankrupt and information of value to the administration of the bankrupt estate.

The order for examination was granted and subpœnas duly issued, whereupon Blustein moved for an order vacating the subpœna against him and enjoining the receiver from examining the partners in Blustein & Bro. or the books of that firm under Bankruptcy Act, § 21a (Comp. St. § 9605). Blustein's reason for asking this ruling will be referred to in the opinion. The District Judge granted the order, and did vacate the subpœna against Blu-

---

⊜➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

stein & Bro., and enjoin their examination. Whereupon the receiver took this proceeding.

Rosenthal & Heermance and White & Case, all of New York City (Charles K. Allen, of New York City, of counsel), for petitioner.

Joffe & Joffe, of New York City (Joseph Joffe, of New York City, of counsel), for Blustein & Bro.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. [1] The record does not contain any opinion rendered by the lower court upon eliminating Blustein from the scope of the examination order. We must therefore assume that the reasons assigned by Blustein for the order complained of are the reasons, and the only reasons, that actuated the lower court.

[2, 3] It is quite true that an order requiring examination under section 21a is discretionary; and if it is discretionary to grant the order, it is also discretionary to refuse it, and the order before us is in effect such refusal so far as Blustein is concerned. In re Weidenfeld, 254 Fed. 677, 166 C. C. A. 175. But discretion, if abused, is error of law, and therefore reviewable by petition to revise, and it is an abuse of discretion to refuse to follow settled law; i. e. (inter alia), approved decisions, even when exercising discretion.

[4] Blustein's only assigned reason for escaping examination under section 21a is that between his firm and the bankrupt there was a litigation pending in another court wherein each party in substance asserted the other to be indebted to him. This in itself is not a lawful or otherwise good reason for denying examination under section 21a. The point was specifically ruled in Re Cliffe (D. C.) 97 Fed. 540, approved in Re Madero (D. C.) 256 Fed. 859.

It follows that error of law was committed in entering the order under review.

[5] It may be pointed out that Blustein has mistaken his remedy. He has no right to escape or refuse all examination; but if examination goes too far, and unlawful or unnecessary questions are asked, it is always possible to obtain relief upon summary reference to the District Judge.

Order reversed, with costs.