**WOODFORD v. COSDEN & CO. (two cases). In re MID–CO PETROLEUM CO. In re MID–CO GASOLINE CO.**

(Circuit Court of Appeals, Eighth Circuit. April 19, 1923.)

Nos. 228, 229.

1. **Bankruptcy** ⊕132, 446—Removal of trustee within discretion of judge.

An order removing a trustee is one within the judicial discretion of the judge, and is reviewable only on a clear showing of abuse of discretion.

2. **Bankruptcy** ⊕439—Abuse of discretion reviewable by petition to revise.

An abuse of discretion is an error of law, reviewable by petition to revise.

Petition to Revise Order of the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

In the matter of the Mid-Co Petroleum Company and in the matter of the Mid-Co Gasoline Company, bankrupts. Petitions of J. W. Woodford to revise orders of the District Court in each case, opposed by Cosden and Company. Dismissed, with costs taxed to petitioner.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Elmer J. Lundy, of Tulsa, Okl. (Lewis M. Poe, of Tulsa, Okl., on the brief), for petitioner.

James C. Denton, of Tulsa, Okl. (Richard H. Wills, of Claremore, Okl., on the brief), for respondent.

Before KENYON, Circuit Judge, and BOOTH and JOHNSON, District Judges.

KENYON, Circuit Judge. Two cases are here presented. As the questions involved are identical, they are, by agreement, submitted together. Both are petitions to revise the action of the United States District Court of the Eastern District of Oklahoma in removing one J. W. Woodford as trustee in bankruptcy of the Mid-Co Petroleum Company and the Mid-Co Gasoline Company. Woodford was appointed trustee by the creditors in both estates, and was duly confirmed by the referee on August 2, 1922. On August 12, 1922, respondents herein filed petitions for review of the referee's order approving the appointment, and asking the removal of said Woodford as trustee. On the 17th day of August, 1922, the District Court made its order vacating and setting aside in both cases the order of the referee approving the appointment of J. W. Woodford as trustee; said order further providing that he be removed from the trust as trustee of the estates of said bankrupts.

Many questions are raised of more or less importance, but we think it unnecessary to discuss or decide them, as the solution of one is determinative of the case, and that one relates to the question of discretion in the trial court and abuse thereof. Under the Bankruptcy Law the trustee is appointed by the creditors of the bankrupt estate. Such appointment is subject to be approved or disapproved by the referee or by the judge, but the trustee can be removed by the judge alone. This court in Bollman v. Tobin, 239 Fed. 469, 471, 152 C. C. A. 347, 349, said:

"One of the highest acts of the creditors is the choice of a trustee. That power is clearly committed to them by section 44 of the Bankruptcy Act. Their choice is subject to the approval of the court, but should be approved, unless good cause exists for disapproving."

Undoubtedly this decision expresses sound doctrine, but it is peculiarly within the province of the District Court to keep a controlling hand on the administration of bankrupt estates.

[1] Bankruptcy proceedings are not created for the benefit of the trustee or of attorneys. The prime necessity is to preserve the estate for the benefit of the creditors. A trustee may be able and perfectly honest, and yet the court may be satisfied that it is not for the best interests of the estate that he continue to act. Where the court refuses to approve an appointment of a trustee, or removes him, there must be a clear showing of abuse to warrant the appellate court in interfering. Ordinarily the trial court is in better position to know what is best to do for the welfare of the estate than is an appellate court. The orders made by the court in both of these cases removing the trustee fall within the exercise of judicial discretion, and unless there is abuse of such discretion there is no review in the appellate

court. Pomeroy Equity Jurisprudence (4th Ed.) vol. 3, § 1086; May v. May, 167 U. S. 310, 17 Sup. Ct. 824, 42 L. Ed. 179; In re Stokes (D. C.) 185 Fed. 994; In re A. & W. Nesbitt, Ltd. (C. C. A.) 282 Fed. 265; In re Throckmorton et al., 196 Fed. 656, 116 C. C. A. 348; In re Weidenfeld, 254 Fed. 677, 166 C. C. A. 175; Birch v. Steele, 165 Fed. 577, 91 C. C. A. 415; 39 Cyc. 269; Black on Bankruptcy (3d Ed.) § 296.

[2] An abuse of discretion is an error of law and may be reviewed on petition to revise. In re A. & W. Nesbitt (C. C. A.) 282 Fed. 265. This court has held that it is a question of law whether there is substantial evidence to sustain a finding of the trial court, and that such question may be considered upon a petition to revise. Good v. Kane, 211 Fed. 956, 958, 128 C. C. A. 454. Where the trial court refused to remove a trustee this court has reviewed the proceedings. In re Hanson et al. (D. C.) 156 Fed. 717, 718. We see no reason why it does not have the same power to review the proceedings where the court removes the trustee; the question being: Was there error of law by abuse of discretion?

After the original record was filed in both of these cases, petitioner filed an additional record containing the evidence; the same not being in the original records. This additional record was filed more than 30 days after the return date fixed in the order granting leave to file a petition to revise, and after the expiration of the period provided by the rules of this court, and was filed without leave of court. Hence the evidence is not properly before us. However, we have considered the same, and are satisfied that there was no abuse of the court's discretion. There was very substantial evidence to support its orders removing the trustee.

The petition to revise in each of these cases is disallowed and dismissed, with costs taxed to petitioner.