## In re NATIONAL GRAIN CORPORATION.

### Petition of AMERICAN CREDIT INDEMNITY CO. OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. May 5, 1924.)

#### Nos. 361, 362.

Bankruptcy ⟨⟩=36—Court has discretion to vacate orders made in exercise of ancillary jurisdiction.

A District Court, authorized by Bankruptcy Act, § 2, as amended by Act June 25, 1910 (Comp. St. § 9586), to exercise ancillary jurisdiction in aid of a receiver or trustee appointed in proceedings pending in another district, has discretion to vacate orders made in the exercise of such jurisdiction, when it is made to appear that they are not in aid of a receiver or trustee.

Petitions to Revise Orders of the District Court of the United States for the Southern District of New York.

In the matter of the National Grain Corporation, bankrupt. On petitions by the American Credit Indemnity Company of New York to revise orders of District Court. Affirmed.

See, also, 297 Fed. 1021.

Shapiro & Witte, of New York City, for petitioners.

Bartlett, Keeler & Cohn, of Bridgeport, Conn., for respondent trustee.

Slade & Slade, and C. E. Benoit, of New York City, for respondent witness.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. The court for the Southern district of New York granted orders on petitions of certain alleged creditors for the examination of witnesses in the Southern district of New York, but in respect of a bankruptcy pending and undetermined in the district of Connecticut. At the time the original orders for examination were granted there seems to have been pending an ancillary receivership in the New York district, but before any action had been taken under the orders as granted such ancillary receivership was terminated and the matter remitted to Connecticut. When this condition of the record was called to the attention of the District Judge, the examination orders were immediately vacated. These petitions seek to review the propriety of such vacation.

The question sought to be raised is whether the District Court had power to grant the original orders for examination. While it seems probable that the motions to vacate the orders in question (made by the Connecticut trustee) were based upon an alleged lack of power in the District Court for the Southern District of New York to grant such orders, the orders of vacation are not based in terms on that ground. An order for examination under Bankruptcy Act, § 21a (Comp. St. § 9605), is discretionary (In re Weidenfeld, 254 Fed. 677, 166 C. C. A. 175), and there was assuredly no abuse of discretion in vacating orders (under the circumstances) improvidently granted.

⟨⟩=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Since In re Madson Steel Co., 216 U. S. 115, 30 Sup. Ct. 377, 54 L. Ed. 407, and the amendment of section 2 by the Act of June 25, 1910 (Comp. St. § 9586), there can be no doubt that any District Court may exercise ancillary jurisdiction "in aid of a receiver or trustee appointed in any bankruptcy proceedings pending in any other court of bankruptcy."

The fundamental objection to the examination here sought was that it was not in aid of the receiver and/or trustee. It was a mere whim on the part of certain alleged creditors, and was in effect a desire to transfer the active litigation of this estate from Connecticut to New York. Therefore the vacation of orders was correct. Whether there may not be circumstances under which creditors in a district other than that of administration may procure examination of witnesses under section 21a "in aid of a receiver or trustee" is a point not necessary to decide. Nor is it profitable to speculate as to what circumstances may possibly justify such proceedings. Certainly no circumstances nor justification here exist.

The orders herein are affirmed, with costs.