In re FOX METROPOLITAN PLAY-
HOUSES, Inc.

No. 239.

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1935.

Archibald Palmer, of New York City, for appellants.

Beekman, Bogue & Clark, of New York City (William L. Bainton, of New York City, of counsel; William D. Carr, of New York City, on the brief), for the Protective Committee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Samuel, Jacob, and Herbert M. Adler, as creditors of the Fox Metropolitan Playhouses, Inc., the debtor, filed a petition initiating proceedings against the debtor under section 77B of the Bankruptcy Act (48 Stat. 912 [11 USCA § 207]). At that time the debtor was in equity receivership. A foreclosure suit of a trust indenture, dated May 1, 1929, securing notes and debentures of the debtor, had been commenced, and was consolidated with the creditors' suit for the appointment of receivers in equity.

Samuel Adler filed a petition for an examination of the debtor under section 21 (a) of the Bankruptcy Act (11 USCA § 44 (a); he also asked for the examination of other persons, including the members of a noteholders' protective committee, the secretary of the committee, the corporate trustee under a first mortgage, and the receiver in the consolidated proceedings. This was granted July 30, 1934. At that time an answer had not been filed, by the debtor, to the petition, under section 77B of the Bankruptcy Act. The petition was not approved until August 18, 1934. Judge Mack was in charge of the consolidated cause in equity, and he vacated the order for the examination thus granted, on July 31, 1934, and enjoined any other proceeding under section 77B except such as was noticed for hearing before him. On September 20, 1934, Herbert M. Adler petitioned for an examination under section 21 (a) of the members of the committee and members of two banking firms, who dealt in the corporation's securities, and the debtor. This application was denied; an order was entered accordingly. This appeal seeks a review of the orders denying each application.

 The court has authority to order an examination under section 21 (a) when the estate is in the process of administration. Cameron v. United States, 231 U. S. 710, 34 S. Ct. 244, 58 L. Ed. 448; section 21 (a) of the Bankruptcy Act. The filing of the petition in involuntary bankruptcy places the property in custodia legis, but by section 77B of the Bankruptcy Act, the estate of the debtor is not in the process of administration until an order is made approving the petition or answer of the debtor. We can consider only the application of Herbert M. Adler, for his application was made after the petition of the creditors for reorganization was approved. Samuel Adler's petition was prior thereto. Herbert M. Adler's petition is directed to an examination with reference to the plan of reorganization proposed under section 77B, rather than the acts, conduct, and property of the bankrupt which may be inquired into pursuant to section 21 (a). In determining the right to such examination, we are confined to the reasons given therefor as found in the petition of Herbert M. Adler. Section 77B (o) of the act (11 USCA § 207 (o), provides that, under this new act and its provisions, the jurisdictional powers of the court, the duties of the debtor, and the rights and liabilities of creditors, and of all persons with respect to the debtor and its property shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was approved. Thus the day when the debtor's petition or answer was approved by the court below was the first date when the court had power to grant examination of the bankrupt. When a voluntary petition in bankruptcy is filed, if the proper jurisdictional averments are made, the right of examination exists. Royal Indemnity Co. v. American Bond & Mortg. Co., 289 U. S. 165, 53 S. Ct. 551, 77 L. Ed. 1100. So here, when the debtor's petition or answer was approved, the debtor may not object to an examination un-

der Bankr. Act § 21 (a), 11 USCA § 44 (a), and section 77B (*o*), 11 USCA § 207 (*o*).

That is the time the property of the debtor is first in custodia legis, that is, the date of the approval of the petition or answer of the debtor. Then for all purposes the bankrupt's estate is in the same status as when a voluntary petition is filed in the ordinary bankruptcy proceeding. Cameron v. United States, supra. It was therefore proper for the court to have vacated the petition of Samuel Adler.

The petition of Herbert M. Adler set forth the history of the debtor's existence and what transpired during the period of the court's possession of its assets in equity receivership, the organization of the noteholders' protective committee and its activities. It refers to the theater properties owned and leased and the operation of the same, the interest of stockbrokers in its securities, and in paragraph 17 says:

"Your petitioner respectfully submits that as to all other persons section 21 (a) of the Bankruptcy Act is the proper source for eliciting such information. It is therefore under this section that your petitioner prays for this examination in order to 'disclose the conduct of the debtor's affairs and the fairness of any proposed plan' and in order to reveal to the Court and the creditors of the Debtor herein the motives of the committee and their intent in proposing and formulating any plan of reorganization."

As the petition is drawn, it is apparent that the petitioner desired to make inquiry not into the "acts, conduct or property of a bankrupt whose estate is in process of administration," but rather into the fairness or equity of the plan of reorganization as well as into the manipulations or conduct of the members of the noteholders' protective committee. If the petitioner intended to inquire into the acts and conduct or as to the property of the bankrupt, it had the right to do so by petition under section 21 (a) if sufficient reasons were stated. Indeed it was his right to inquire as to the acts and conduct and property of the debtor when in the debtor's possession as well as up to the time of the bankruptcy petition under section 77B. Any examination which might assist as to the whereabouts of or aid in the collection of the assets of the debtor would be proper. But section 77B, which contemplates reorganization rather than liquidation of the bankrupt, makes provision for examination of the plans of reorganization when such is considered by the judge in charge of the proceeding. Subdivision (c) of section 77B of the act (11 USCA § 207 (c) provides for notices of hearings for consideration of a proposed plan. Subdivision (f), § 77B (11 USCA § 207 (f) provides that the judge shall confirm the plan after hearing objections made thereto, and only upon his satisfaction as to the fairness of the plan. Subdivision (b) of section 77B (11 USCA § 207 (b) provides that the judge shall "scrutinize and may disregard any limitations or provisions of any depositary agreements, trust indentures, committee or other authorizations affecting any creditor acting under this section and may enforce an accounting thereunder or restrain the exercise of any power which he finds to be unfair or not consistent with public policy and may limit any claims filed by such committee member or agent, to the actual consideration paid therefor."

Thus this petitioner is afforded an opportunity to show, when the plan is considered, whether any of the noteholders' committee members have purchased bonds and are now attempting to obtain higher prices for them or are otherwise profiting from the plan of reorganization. If called to the court's attention, subdivision (b) becomes operative and will be a curb against such profiteering.

But nothing in the new Bankruptcy Act repeals the right of examination as provided for under section 21 (a). In view of the reasons for the examination here sought, as stated in the petition of Herbert Adler, we hold that the petition cannot be sustained, and the orders must be affirmed.

Orders affirmed.