### In re MOORE.

### No. 413.

Circuit Court of Appeals, Second Circuit.

May 6, 1935.

Vidaver, Loria & Martinson, of New York City (Percy Heiliger, Walter J. Loria, and S. E. Martinson, all of New York City, of counsel), for appellants.

Arthur C. Smith, of New York City, for trustee respondent.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Walter J. Moore, the bankrupt, was president, director, and stockholder of the H. C. Miner Lithograph Company, and, with others, was operating and managing that company which was engaged in manufacturing amusement posters for the United Artists Corporation and the Fox Film Corporation. May 26, 1934, the bankrupt, president of that company, executed an assignment for the benefit of creditors. June 12, 1934, the bankrupt and another person formed Tooker Moore Lithograph Company, Inc., and it appears that the bankrupt was receiving 10 per cent. of the amount of purchases of lithographs made for the Fox Film Corporation and United Artists Corporation by Tooker Moore Lithograph Company and the Tooker Lithograph Company under written and exclusive contracts for a period of years. These contracts were secured by the bankrupt.

The contract with the Fox Film Corporation was executed by Moore as president of the Tooker Moore Lithograph Company, Inc. An examination under section 21a of the Bankruptcy Act (11 USCA § 44 (a) was commenced. The order appealed from denied a motion to limit the issues under which the Tooker Moore Lithograph Company, Inc., and the Fox Film Corporation might be examined in the proceeding as to the property or moneys, if any, in their hands due to the bankrupt prior to and at the time of the filing of the petition in bankruptcy, and to forbid the trustee from examining the documents and contracts of these companies in which the bankrupt is said to have no interest.

Section 1 rule 36, of this court was not complied with. The appeal was not noticed for a hearing within the 30 days allowed by the statute. Indeed, no notice has been given to bring the same on for a hearing, and this court has not granted leave to appeal. The order for an examination is an administrative order of the District Court and is not reviewable without permission. It is a proceeding and not a controversy in bankruptcy, and no appeal lies. In re A. & W. Nesbitt, Ltd., 282 F. 265 (C. C. A. 2) ; In re Weidenfeld (C. C. A.) 254 F. 677.

Appeal dismissed.