### In re UNDERWRITERS FINANCE CORPORATION.

District Court, S. D. New York.
Oct. 25, 1935.

Emanuel Harris, of New York City, for Frank Cohen.

Krause, Hirsch & Levin, of New York City (Sydney Krause, of New York City, of counsel), for trustee.

HULBERT, District Judge.

The bankrupt was adjudicated in the United States District Court for the District of Massachusetts.

Thereafter, in an ancillary proceeding in this court, a subpœna was issued by the Clerk thereof requiring Frank Cohen to attend before Peter B. Olney, Jr., referee in bankruptcy, on May 14, 1935, and submit to an examination by the trustee of the estate of the bankrupt above named under section 21a of the Bankruptcy Act, 11 U.S.C.A. § 44(a).

Mr. Cohen appeared and was examined and directed by the referee to return on May 28, 1935, at 11 a. m. for further examination. He failed to appear, and the referee certified him for contempt of court by certificate dated June 17, 1935.

Thereafter proceedings were had in this court pursuant to said certificate, but, upon payment by Mr. Cohen of the sum of $25.00 to cover the expenses incurred by the trustee's associate counsel in traveling from the city of Boston to the city of New York, counsel for the trustee consented to continuing the examination of

Mr. Cohen before the referee on October 3d. Meanwhile the trustee brought an action in equity in this court wherein Cohen was named as a defendant and served with process, so that, when he appeared with counsel before the referee on October 3, he sought an opportunity to apply to this court to have the order for his examination under section 21a vacated and said examination stayed meanwhile, and, when the referee refused to concur in that suggested procedure, the witness, by advice of counsel, declined to answer questions put to him, and the referee again certified him for contempt.

The witness has made a countermotion for an order vacating and setting aside the order herein dated March 8, 1935, for the said examination.

■ It is no valid objection to such an examination that the evidence solicited may be pertinent to a suit pending between the trustee and the witness. In re Cliffe (D. C.) 97 F. 540. But, if the examination does not concern the "acts, conduct and property of the bankrupt," it should not be allowed. In re Madero Bros. (D.C.) 256 F. 859.

■ The granting of an order under section 21a is, of course, discretionary, but it is the duty of the judge in each case to consider the settled law in exercising his discretion. In re A. & W. Nesbitt (C. C.A.) 282 F. 265, 266.

It is contended by counsel for Mr. Cohen that the established practice in Massachusetts where this proceeding is pending and where the evidence obtained from the examination under section 21a is intended to be used is contrary to that followed in this district and should control, citing In re McLellan Stores Co. (D. C.) 4 F.Supp. 677, 678.

In that case it was conceded that the proposed examination did not concern corporate acts of the bankrupt but the conduct of one of its directors subsequent to adjudication. Judge Brewster said: "Whether the trustee contemplates invoking the equity jurisdiction of the United States court for relief against the activities of this director and his attorney is not stated, but if the sole object of the examination is to lay a foundation for such proceeding, the trustee, I take it, may not properly invoke section 21a for such preliminary examination."

But further on he says: "If his acts after adjudication are calculated to diminish the value of the estate, they may properly be the legitimate subject of inquiry by proceedings under section 21a."

However, in that particular case, the right to an examination was sustained, and the case relied upon does not support the point contended for.

■ It seems to me that the moving party has mistaken his remedy. As stated by Judge Hough, in re A. & W. Nesbitt, supra: "He has no right to escape or refuse all examination; but if examination goes too far, and unlawful or unnecessary questions are asked, it is always possible to obtain relief upon summary reference to the District Judge."

As a matter of fact, I feel that the witness may proceed in confidence that the referee will keep the examination within proper limits.

The motion to vacate the order of March 8, 1935, is denied, and the motion to confirm the referee's certificate will be granted, unless the witness appears in accordance with the order to be entered herein, which should be settled on two days' notice.