### In re PRUDENCE CO., Inc.
### No. 271.

Circuit Court of Appeals, Second Circuit.
March 1, 1937.

McManus, Ernst & Ernst, of New York City (Irving L. Ernst, of New York City, of counsel), for appellant.

Kaufman, Weitzner & Celler and Thomas Cradock Hughes, all of New York City (Thomas Cradock Hughes, Emanuel Celler, and Jesse J. Fine, all of New York City, of counsel), for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellees are the trustees duly qualified and acting for the Prudence Company, Inc., the debtor in proceedings for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Part of the business formerly of the debtor was the sale of guaranteed bonds secured by mortgages on real estate. In the course of its business the debtor had made a loan to River House, Inc., a New York corporation, and taken as security a mortgage on real estate owned by River House, Inc. When the petition for reorganization of the debtor was filed, this mortgage was a part of the collateral it had pledged to a bank as trustee to secure an issue of the debtor's bonds. The mortgagor, desiring an extension of the maturity date and a modification of interest rate, took steps to, and did, secure such an extension and modification agreement to which the trustees of the debtor consented. Under this extension and modification agreement the debtor's trustees became entitled to certain payments of so-called surplus income of the mortgagor calculated as provided in the agreement; to certified statements of account to be furnished by the mortgagor; and to the right to inspect the mortgagor's books. From one of such statements furnished as agreed, the debtor's trustees discovered that the mortgagor had made certain charges as operating expenses which they questioned as proper deductions from income in a calculation to determine whether there was any surplus income payable on account of the mortgage. Apparently the main controversy relates to a payment of $52,200 made to real estate brokers as commission in connection with the agreement of extension and modification. The appellant is, or was, an officer of the mortgagor and his examination under section 21a, 11 U.S.C.A. § 44(a), concerning these charges as expenses of River House, Inc., is the sole purpose of the order under review.

An examination of a bankrupt under section 21a, is confined to "the acts, conduct or property of a bankrupt whose estate is in process of administration." In re Youroveta Home & Foreign Trade Co., Inc., 288 F. 507 (C.C.A.2). When such an examination is had in a section 77B reorganization, it is to be restricted in scope to the acts, conduct, or property of the debtor. In re Fox Metropolitan Playhouses, Inc., 74 F.(2d) 722 (C.C.A.2).

There is no suggestion in the record that the appellant knows anything about the acts or conduct of the debtor. The only basis urged for the order is that he has knowledge concerning the payments made by River House, Inc., the mortgagor, which is bound to pay over surplus income, if any, to reduce the mortgage, and that the debtor's trustees are entitled to have such surplus income determined correctly and so paid over. This, it is said, concerns property of the debtor. Such a position seems to lose sight of the fact that River House, Inc., is, as regards the debtor, at most only a debtor. The mortgage itself is not the subject of the inquiry. There is no dispute whatever about it. River House, Inc., is in possession of its own property, the real estate mortgaged, and as yet the debtor's trustees certainly have no greater interest in the mortgagor's property or business than that of the ordinary mortgagee before default. For unless River House, Inc., has failed to account for surplus income, there is no suggestion that it is in any way in default. Certainly no default has been established and there can be no purpose behind the present order except a desire to use the Bankruptcy Law as an aid in an attempt to prove that a mortgagor of the debtor has not made a payment due. As to such proof the trustees of the debtor in reorganization stand as do mortgagees generally. They are not here seeking to examine the appellant concerning property of

the debtor but concerning property of River House, Inc., which has been used in conducting the business of the latter and which, had it not been used as it was, might have been available for other purposes, including in some part possibly the creation of so-called surplus income payable to the mortgagee under the modification agreement. In reality what is sought is an inquiry into the conduct of the business of River House, Inc. And that, not concerning the acts, conduct, or property of the debtor, is not within the scope of an examination under section 21a, 11 U. S.C.A. § 44(a).

See In re Madero Bros. (D.C.) 256 F. 859. Though the appellant could have submitted to examination and preserved his rights by refusing to answer improper questions, In re Youroveta Home & Foreign Trade Co., supra, where it clearly appears that the information to be elicited by the proposed examination does not fall within permissible bounds of inquiry under section 21a, 11 U.S.C.A. § 44(a), the order should be reversed. Cf. In re Fox Metropolitan Playhouses, supra.

As this fully disposes of the appeal, we have found it unnecessary to discuss the contention that the order was erroneous in that it provides for an examination under section 21a, 11 U.S.C.A. § 44(a), concerning the correct computation of surplus income not payable to the debtor under the terms of the mortgage at the time the petition for reorganization was filed but made payable by River House, Inc., only under the terms of the modification agreement subsequently made.

Order reversed.