**CARR v. BELL, Superintendent of Banks of New York.**

No. 407.

Circuit Court of Appeals, Second Circuit.

July 7, 1944.

Writ of Certiorari Denied Dec. 11, 1944.

See 65 S.Ct. 278.

Sam H. Lipson, of New York City (Poses, Katcher & Driesen, of New York City, on the brief), for appellant.

Julian A. Ronan, of New York City (Edward Feldman, of Los Angeles, Cal., and Isadore H. Cohen, of New York City, on the brief), for appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

Appellant originally based his petition to examine the New York Superintendent of Banks under Bankruptcy Act, § 21, sub. a, 11 U.S.C.A. § 44, sub. a, on the ground that the bankrupt, Nippon Yusen Kaisya— of whose estate he is trustee under appointment of the United States District Court for the Northern District of California, Southern Division—had made an illegal deposit of $150,000 on July 17, 1941, with the New York agency of the Yokohama Specie Bank, Ltd., of Yokohama, Japan, now in process of liquidation by the Superintendent of its local assets. But the Superintendent, moving to vacate the district court's ex parte order for such examination, showed that this agency was licensed only to transmit funds, not to receive deposits, and that the sum in question was promptly transmitted to the Bank's home office in Japan nine days before the promulgation of the executive "freezing" order (Executive Order 8832, July 26, 1941, 3 CFR, Cum.Supp., 969, amending Order 8389, as amended June 14, 1941, 3 CFR, Cum.Supp., 948; cf. 12 U.S.C.A. § 95 note), upon which the trustee had relied in litigation pending elsewhere in the courts to establish illegality of the transaction. The Superintendent, while thus denying any ground of illegality, further asserted that the examination of a large volume of bank records, much of which was in the Japanese language, would cause expense to and disruption of his liquidating staff not justified upon any showing made. By reply affidavit the trustee vouchsafed suspicion of a plot to conceal the deposit in question, pointing to the fact that the Superintendent had acknowledged the sum of $40,000 from this deposit as a valid debt owed by the bank when liquidation was begun; and then he set forth an account of the Bank's customary business methods which seems quite to remove the basis for his suspicions and to disclose only a normal course of business involving transmission of funds to

Japan and retransmission of a part back here. There is nothing in either the celerity or the recurrence of the transactions to suggest any departure from usual business methods.

Under the circumstances, therefore, the district court did not abuse the discretion vested in it, In re Abbey Press, 2 Cir., 134 F. 51, certiorari denied Thompson v. Skillin, 196 U.S. 642, 25 S.Ct. 797, 49 L.Ed. 631; In re A. & W. Nesbitt, Ltd., 2 Cir., 282 F. 265, to determine whether or not special cause for the examination was sufficiently shown. Of course, a bankruptcy trustee should have reasonable judicial assistance in his task of locating the bankrupt's assets, cf. Marx v. Chase Nat. Bank, 2 Cir., 117 F.2d 800; but when a responsible state official, with no bias to conceal or distort the facts, discloses apparently all there is to a business transaction and the petitioner's own affidavit tends to belie the suspicions he voices, we cannot hold denial of permission to examine to be an abuse of discretion. The claim that the original ex parte order could itself be vacated only upon demonstration of an abuse of discretion has no substance here; district court procedure is obviously to treat the hearing on motion to vacate as the real trial on the merits, and the appeal brings the whole proceeding before us for review. We find no error.

Order affirmed.